This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. **NO. 30,441**

**JUAN C. HERRERA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Karen L. Parsons, District Judge**

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Charles E. Knoblauch
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**FRY, Judge.**

In 1992, Defendant Juan Candelario Herrera pleaded guilty to two felony charges that he alleges resulted in his deportation from the United States. In 2009,

Defendant was arrested and charged in federal district court with having reentered the country without authorization. While the federal charges were still pending against him, Defendant filed a petition for a writ of coram nobis in state district court to set aside the 1992 criminal judgment on the basis of ineffective assistance of counsel under the standard enunciated in *State v. Paredez*, 2004-NMSC-036, 136 N.M. 533, 101 P.3d 799. We conclude that the district court properly denied Defendant's writ petition and motion for reconsideration because Defendant failed to meet his burden of proof on his ineffective assistance of counsel claim. Accordingly, we affirm.

**BACKGROUND**

On May 18, 1992, Defendant entered guilty pleas to one count of criminal sexual penetration in the third degree and one count of false imprisonment in the fourth degree. The district court accepted the plea agreement after a hearing at which Defendant was represented by an attorney from the public defender's office and where a Spanish language interpreter was present to translate the proceedings to Defendant. Defendant's written plea and disposition agreement included the following statement: "I understand that a conviction may have an effect upon my immigration or naturalization status."

The district court sentenced Defendant to four-and-a-half years' imprisonment. This sentence was then suspended, and Defendant was placed on supervised

2

probation. Although not part of the evidentiary record before us, Defendant alleges that as a result of his felony convictions, he was placed in immigration removal proceedings and deported from the United States in 1996.

Approximately thirteen years later, in 2009, Defendant was arrested and charged in federal district court with having reentered the United States without authorization, contrary to 8 U.S.C. § 1326 (2006). During the pendency of the federal action, Defendant filed a petition in state district court for a writ of coram nobis to set aside the 1992 criminal judgment as illegal and void due to ineffective assistance of counsel. Defendant alleged that his counsel rendered ineffective assistance by failing to advise him of the immigration consequences of his guilty pleas as required by *Paredez* and that he would not have pleaded guilty if he had known that the guilty pleas would result in virtually certain deportation. Alleging that he was never advised that his guilty pleas would automatically subject him to deportation, Defendant argued that his pleas were involuntarily given.

At the hearing on the merits of Defendant's writ petition, the district court was presented only with arguments by counsel. No testimony was elicited and Defendant's counsel informed the court that she had been unable to locate Defendant's 1992 trial counsel. Following the hearing, the district court entered an order denying Defendant's petition. Relying on *Paredez* for the proposition that

3

"there is a strong presumption that an attorney's conduct falls within a wide range of reasonable professional assistance," the court concluded in its written order that Defendant failed to overcome this presumption because "no evidence [was] presented at the hearing other than argument of counsel."

Defendant subsequently filed a motion for reconsideration of his writ petition. Defendant's motion documents included a copy of Defendant's plea and disposition agreement as well as portions of the tape log from Defendant's plea hearing. The district court held an evidentiary hearing on Defendant's motion, at which Defendant testified that his 1992 trial counsel never discussed the immigration consequences of his guilty pleas with him and that the interpreter also failed to tell him anything about immigration consequences. The district court denied Defendant's motion for reconsideration on grounds that: (1) Defendant's testimony at the evidentiary hearing was inconsistent with the reconstructed record and lacked credibility, and (2) Defendant's petition was untimely because he waited for fourteen years before seeking to set aside his guilty pleas. This appeal followed.

As an initial matter, we note that the writ of coram nobis has been abolished by Rule 1-060(B)(6) NMRA. Consequently, the State treats Defendant's appeal as having been brought under Rule 1-060(B)(4) NMRA. Because Defendant relied on Rule 1-060(B) as a basis for his writ petition, we review Defendant's petition to set

4

aside his guilty pleas pursuant to Rule 1-060(B)(4). *See State v. Tran*, 2009-NMCA-010, ¶¶ 15-17, 145 N.M. 487, 200 P.3d 537 (construing a petition for a writ of coram nobis as a Rule 1-060(B) motion and determining that a Rule 1-060(B)(4) motion is a proper method for seeking to set aside a criminal judgment on grounds of ineffective assistance of counsel where the defendant has served his sentence). We apply de novo review. *See id.* ¶ 18.

**DISCUSSION**

To state a case of ineffective assistance of counsel, Defendant must show that: (1) his "counsel's performance was deficient in that it fell below an objective standard of reasonableness;" and (2) he "suffered prejudice in that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 (internal quotation marks and citation omitted). We apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Paredez*, 2004-NMSC-036, ¶ 14 (internal quotation marks and citation omitted).

In *Paredez*, our Supreme Court determined that criminal defense attorneys have "an affirmative duty to determine [a defendant's] immigration status and [to] provide him specific advice regarding the impact a guilty plea would have on his immigration status." *Id.* ¶ 1. The Court delineated that counsel's performance is deemed deficient as a matter of law and falls below the objective standard of reasonableness where counsel either fails to advise, or gives incomplete or incorrect advice, on the immigration consequences of a guilty plea. *Id.* ¶¶ 14-16. The Court further stated that in order to prove the prejudice prong of the test for ineffective assistance in this context, a criminal defendant must show that "he would not have entered into the plea agreement if he had been given constitutionally adequate advice about the effect that his guilty plea would have on his immigration status." *Id.* ¶ 20 (internal quotation marks and citation omitted). In the present case, Defendant asserted in the district court that his guilty pleas should be set aside because his trial counsel failed to advise him that his guilty pleas would result in virtually certain deportation under the requirements of *Paredez*.

On appeal, Defendant argues that the district court incorrectly denied his petition on the ground that it was untimely. He also asserts that the district court's order was erroneous because he was not informed of the immigration consequences of his guilty pleas and he would not have pleaded guilty "had he known he would be

deported" because "[h]e was a long time resident of the United States [and] had children here." The State concedes, and we agree, that it was error for the district court to deny Defendant's petition on the ground that it was untimely. *See Tran*, 2009-NMCA-010, ¶ 16 (stating that there is no time limit for the filing of a Rule 1-060(B)(4) motion to set aside a guilty plea on grounds of ineffective assistance of counsel).

However, we conclude that the district court properly determined that Defendant did not meet his burden of establishing that the performance of his trial counsel was deficient and any resulting prejudice. *See State v. Grogan*, 2007-NMSC-039, ¶ 11, 142 N.M. 107, 163 P.3d 494 (stating the general rule that the defendant has the burden of establishing deficient performance and prejudice when claiming ineffective assistance of counsel); *Tran*, 2009-NMCA-010, ¶ 20 (same). We explain.

With regard to the first prong of the test for ineffective assistance of counsel, Defendant was required to present "evidence in his moving papers, by affidavit, transcripts, or otherwise," to establish that his trial counsel failed to advise him of the specific immigration consequences of his guilty pleas. *Id.* ¶ 21. Defendant failed to include any supporting evidence in his initial writ petition, and he attached to his motion for reconsideration only a copy of the 1992 written plea and disposition agreement and the tape log from the 1992 plea hearing. We conclude that neither of

these documents was sufficient to establish that trial counsel's performance was deficient. Although the written plea and disposition agreement included an acknowledgment that the pleas "may have an effect" upon Defendant's immigration status, the plea and disposition agreement was silent as to what, if any, advice Defendant's trial counsel gave him prior to the entry of the plea and disposition agreement. Because the tape log only showed that the Spanish language interpreter translated the plea agreement to Defendant, it too failed to indicate one way or the other whether Defendant's trial counsel advised him of any immigration consequences that would flow from the guilty pleas.

The only other evidence presented by Defendant as to the first prong was his testimony at the evidentiary hearing, which the district court determined was inconsistent with the record and not credible. On appeal, Defendant fails to specifically assert that the district court erred in reaching this determination and we therefore do not disturb the district court's credibility determination on appeal. *See State v. Aragon,* 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the trial court, and the party claiming error bears the burden of showing such error). Because counsel is presumed to have provided adequate assistance, *Tran,* 2009-NMCA-010, ¶ 23, we are unable to hold that Defendant overcame this presumption simply based on his bare

assertion that the record is "uncontroverted" that his trial counsel failed to advise him of the immigration consequences that would flow from his guilty pleas. *See id.* ¶¶ 19-21 (holding that a criminal defendant failed to make a prima facie case for ineffective assistance of counsel where he made only a general assertion that his defense counsel failed to specifically advise him of specific immigration consequences); *see also Patterson v. LeMaster*, 2001-NMSC-013, ¶ 29, 130 N.M. 179, 21 P.3d 1032 (stating that "courts are reluctant to rely solely on the self-serving statements of [the] defendants, which are often made after they have been convicted and sentenced" in assessing ineffective assistance of counsel claims).

In addition, appellate counsel provided this Court with a copy of the tape from Defendant's 1992 plea hearing. Although the district court did not have the tape at the time of the first hearing on Defendant's writ petition, the district court took judicial notice of the 1992 case file and stated at the hearing that it would attempt to locate the case file and tape from the plea hearing. The record is silent as to whether the district court located the tape prior to issuing its order denying the writ petition. However, even if we were to assume on appeal that the tape was part of the record below, our review of the tape also does not establish that Defendant's trial counsel failed to advise him of the immigration consequences of his guilty pleas. Prior to the entry of Defendant's guilty pleas, the only discussion at the hearing concerning immigration

consequences was an inquiry by the district court as to whether the plea agreement included an acknowledgment concerning immigration consequences, which Defendant's trial counsel and interpreter answered in the affirmative. This exchange does not speak to whether Defendant's trial counsel sufficiently advised him of the immigration consequences of his guilty pleas.

The dissent points to a statement made by Defendant's trial counsel at his sentencing that could give rise to a reasonable inference that Defendant was not informed of specific immigration consequences prior to the entry of his guilty pleas. However, even if we were to consider this statement as meeting the first prong of the test for ineffective assistance, we conclude that Defendant failed to meet his burden of proof as to the prejudice prong.

Although Defendant argues on appeal that he was prejudiced as a result of his trial counsel's performance, the only evidence presented on the prejudice issue below was Defendant's testimony at the evidentiary hearing that he would not have entered his guilty pleas if he had known they would result in his deportation. This statement by Defendant was not sufficient by itself to establish prejudice. *See State v. Carlos*, 2006-NMCA-141, ¶ 20, 140 N.M. 688, 147 P.3d 897 ("To establish prejudice, a defendant generally must introduce evidence beyond solely self-serving statements."). In addition, although Defendant alleged in his writ petition that he had asserted his

10

factual innocence to the charges against him and that the victim in his cases "refused to cooperate" with the prosecution, Defendant failed to provide evidence to support these allegations. These bare allegations in his pleadings also were not adequate to demonstrate prejudice. *See Patterson*, 2001-NMSC-013, ¶ 29 (stating that "[b]ecause courts are reluctant to rely solely on the self-serving statements of [the] defendants, which are often made after they have been convicted and sentenced, a defendant is generally required to adduce additional [objective] evidence to prove" that he or she was prejudiced as a result of counsel's deficient performance).

Because there is a strong presumption that trial counsel provided adequate assistance, it is a criminal defendant's burden to produce evidence demonstrating the invalidity of his convictions on the ground of ineffective assistance of counsel. *Tran*, 2009-NMCA-010, ¶¶ 23-24. Here, Defendant was afforded an opportunity to present evidence supporting his claim at two evidentiary hearings in addition to his moving papers. Despite this opportunity, Defendant failed to establish that his 1992 trial counsel was ineffective. We therefore conclude that the district court properly denied Defendant's requested relief to set aside his guilty pleas on the ground of ineffective assistance of counsel. In light of our disposition, we do not address whether *Paredez* applies retroactively to this case, given that Defendant entered his guilty pleas and served his sentence several years before *Paradez* was decided.

**CONCLUSION**

For the foregoing reasons, we affirm the district court's denial of Defendant's writ petition and motion for reconsideration.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Judge**

**I CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**RODERICK T. KENNEDY, Judge (dissenting).**

**KENNEDY, Judge (dissenting).**

I respectfully dissent. The majority opinion depends on affirmative and negative presumptions rather than evidence. Evidence existed from which inferences contrary to the presumptions could be made and was brought into the case by the district court itself. This case presents a situation in which I believe the procedure undertaken by the district court was sufficiently faulty that remand is necessary to allow the district court to do the review of the plea proceeding that it told the parties it would undertake, including the chance to enter findings and conclusions sufficient for us to review on appeal.

To presume based on the record before us that the defense attorney properly discharged his "affirmative duty to determine immigration status and provide . . . specific advice regarding the impact a guilty plea would have on his immigration status" is a leap of faith. *Paredez*, 2004-NMSC-036, ¶ 1. Here, the very evidence the district court brought into the record may belie that presumption. The discussion at the plea hearing about whether the form contains an immigration advisory clearly does not support a finding that any "specific" advice was given to Defendant. This was not the "only discussion" about immigration.

On page 10 of the transcript of the sentencing portion of the hearing tape, the defense attorney uses the words "likely" and "possibility" to describe Defendant's

chances of deportation as he described them to him. From this evidence, a district court could conclude that the advice given was not sufficiently specific as to justify the presumption of "specific" advice, but may conclude that it was enough to color Defendant's choice to take his chances on a plea with only a "possible" or "likely" immigration consequence. There is no indication this evidence was considered despite the district court's representation that it would be, and it is all evidence that could affect the presumption that defense counsel's advice was adequate and hewed to the required standard as well as might have had a prejudicial effect on Defendant's decision.

I am uncomfortable indulging presumptions when facts exist from which opposite findings may be made. Since the tape was there, the district court had the same access to the tape that we did (it coming from the district court). The district court should evaluate on remand the evidence she indicated to the parties she would. This discomfort is sufficient for me to dissent.

_____
**RODERICK T. KENNEDY, Judge**

14