This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**IN THE MATTER OF THE RUSSELL FAMILY TRUST,**

**and**

**SHARON RUSSELL,**

Plaintiff-Appellant,

v. **NO. 34,501**

**ESTATE OF DIANA RUSSELL,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Donna J. Mowrer, District Judge**

Eric D. Dixon
Portales, NM

for Appellant

Stephen E. Doerr
Portales, NM

for Appellee

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Petitioner Sharon Russell (hereinafter "Sharon") appeals from the district court's order finally distributing the assets from Trust A and Trust B and requiring Sharon to pay the Estate of Diana Russell a total of $17,865.97 for equalization of the distribution of the real estate in both trusts. Unpersuaded that Sharon demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Sharon has responded to our notice with a memorandum in opposition. We have considered Sharon's response and remain unpersuaded that she has demonstrated error. We therefore affirm.

{2}     On appeal, Sharon has argued that the district court lacked jurisdiction to take further action in this matter and distribute the assets of the trust because this case was appealed and pending in this Court. [DS 3] Sharon has also argued that the district court erred as a matter of law in determining that she owed the Estate of Diana Russell $17,865.97, arguing that this amount is inflated by approximately $15,406.00. [DS 4] We issued a notice proposing to reject Sharon's jurisdictional challenge on the grounds that the orders she previously appealed were final and appealable under two theories, and Sharon never obtained a stay of the orders in district court; and, even if there were some jurisdictional problem, no purpose would be served in reversing and remanding to district court ordering it to do something it has already done. In response to Sharon's claim of error in the actual distribution of the trust assets, our notice

presumed correctness in light of the docketing statement's failure to supply this Court with sufficient information to review the claim on the merits.

**{3}** In her memorandum in opposition to our notice, Sharon states that she "has no further argument regarding the summary affirmance related to issue number one." [MIO 1] We remain persuaded that it was not reversible error for the district court to proceed to distribute the assets while previous orders were on appeal, as set forth in our notice.

**{4}** Sharon pursues her second claim of error: her objection to the actual distribution of the trust assets, requiring her to pay $17,865.97. [MIO 2-4] Again, Sharon does not supply this Court with sufficient information about her claim for our review of the merits. She does not describe one piece of evidence upon which the district court relied in arriving on the amount owed, nor any evidence upon which her arguments relied. Sharon refers us to a spreadsheet, [MIO 3] but does not explain what evidence was used as a basis for the spreadsheet, why the district court might have rejected it, and how the district court's rejection of her arguments might constitute legal error. *See State v. Chamberlain*, 1989-NMCA-082, ¶ 11, 109 N.M. 173, 783 P.2d 483 (stating that where an appellant fails "to provide us with a summary of all the facts material to consideration of [his or her] issue, as required by [Rule 12-208(D)(3) NMRA], we cannot grant relief on [that] ground"). Rather, Sharon

makes mere bald conclusions relative to the amount she owes to her sister's estate. [MIO 3] We will not engage in any speculation as to how the district court might have erred, and we certainly will not presume that the district court erred. *See State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031 (observing that appellate courts will not review unclear or undeveloped arguments). Because Sharon has not supplied this Court with sufficient information to demonstrate error, we presume correctness and affirm. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that we presume correctness in the trial court's rulings and the burden is on the appellant to demonstrate trial court error).

{5}     For the reasons stated in this Opinion and in our notice, we affirm the district court's order distributing the trust assets.

{6}     **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**J. MILES HANISEE, Judge**