This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                              NO. 35,880

**JULIE FREY,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa A. Hadfield District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
John Kloss, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**GARCIA, Judge.**

**{1}** This is an appeal from the State, challenging the district court's order

dismissing the case against Defendant without prejudice for discovery violations, pursuant to the recently enacted criminal case management rule for the Second Judicial District, LR2-400 NMRA, which has since been recompiled as LR2-308 NMRA.[1] Perceiving no error, we issued a notice of proposed summary disposition, proposing summary affirmance. The State filed a memorandum in opposition to our notice. Our review of the State's response does not reveal error. We therefore affirm.

{2} Our notice observed that LR2-400 applies to the current case, and that the State does not deny that it committed two violations of discovery rules under that version of the local rule. We noted that the local rule requires the district court to impose a sanction where "a party fails to comply with any provision of this rule or the time limits imposed by a scheduling order entered under this rule[.]" LR2-400(I)(1). Expressly listed among appropriate remedies is a dismissal without prejudice. *See* LR2-400(I)(3)(e). We further noted that no restrictions on the district court's discretion to impose this remedy apply in the current case. *See* LR2-400(I)(4)(a), (b). We proposed to reject the State's argument that the high standard required for the extreme sanction of witness exclusion that was articulated in *State v. Harper*, 2011-NMSC-044, ¶¶ 16-20, 150 N.M. 745, 266 P.3d 25, applies to the sanction of dismissal

---

[1]Pursuant to Supreme Court Order No. 16-8300-015, former LR2-400 was recompiled and amended as LR2-308 effective December 31, 2016. Any references to the local rule in this opinion are to former LR2-400.

without prejudice.

{3} In response to our proposed analysis, the State raises several challenges. First, it argues that the Supreme Court in *Harper* did not distinguish between a dismissal with or without prejudice in characterizing dismissals against the State as extreme sanctions. [MIO 3-6] Second, it argues that the analysis *Harper* requires for dismissals applies here; thus, the district court was required to consider lesser sanctions, prejudice to Defendant, and whether the State engaged in especially culpable conduct. [MIO 6-11] Third, the State contends that this Court's calendar notice improperly shifted the inquiry from the lack of a finding of bad faith or intransigence on the part of the State to the absence of an explanation from the State for the discovery violations. [MIO 11-12] The State then proceeds to argue that the district court did not reasonably evaluate prejudice to Defendant [MIO 12-14] and did not choose a remedy that least affected the merits of the case. [MIO 14-15]

{4} We are not persuaded that the heightened standard for sanctions applies equally to dismissals with and without prejudice. *Harper* referred to the "outright dismissal of a case" as a "severe sanction" that "should not be imposed except in extreme cases," and stated that the exclusion of material state witnesses is the functional equivalent of such a dismissal because they both preclude the State from making its prima facie case. 2011-NMSC-044, ¶ 21. In contrast, a dismissal without prejudice by

3

its nature does not permanently affect the merits or foreclose the State's ability to present its case. Thus, by "outright dismissal," *Harper* refers to a dismissal with prejudice, not without. Indeed, this Court recently held that *Harper* applies to dismissals with prejudice, exclusions of witnesses, and "only to those sanctions . . . that bar further prosecution by the [s]tate." *State v. Seigling*, 2017-NMCA__, ¶ 23, __ P.3d __ (No. 34,620, Jan. 24, 2017) (holding that the *Harper* analysis applies only to those severe sanctions imposed under the local rule that bar further prosecution of the case). We specifically stated that *Harper* does not apply to dismissals without prejudice, a sanction the local rule "clearly contemplates . . . to enforce compliance." *Seigling*. 2017-NMCA-___, ¶ 23. The State makes no argument that the dismissal without prejudice in the current case precludes further prosecution. As a result, we are not persuaded that the district court should have applied the standard in *Harper* before dismissing the case without prejudice under the local rule. The State's arguments regarding the lack of prejudice to the defendant and its lack of culpability are relevant considerations under *Harper*, not for the dismissal without prejudice imposed in this case under the local rule, and are therefore rejected.

**{5}** Next we turn to whether the district court abused its discretion by its choice of sanction. We point out that it is the State's burden in this appeal to demonstrate that the district court abused its discretion by imposing the dismissal without prejudice,

4

rather than a different sanction. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that we presume correctness in the district court's rulings and the burden is on the appellant to demonstrate district court error). The State still does not dispute that a sanction was required for its violations of the discovery provisions. The local rule does not contain a provision requiring the district court to enter findings to support its choice of one of the lesser sanctions, and *Harper* does not apply to restrict the imposition of a dismissal without prejudice. The State does not explain why another sanction would have been more appropriate under the circumstances, and does not suggest that anything would bar the State from reindicting Defendant. The State also does not refer us to any case law suggesting that the district court abuses its discretion by imposing a sanction the law permits. We note that the State even refuses to discuss the reasons for the discovery violations—despite its obligation to provide this Court with all facts material to the issues it raises on appeal—asserting that such an inquiry contradicts the culpability showing required under *Harper*, which we hold does not apply to the sanction imposed. *See State v. Chamberlain*, 1989-NMCA-082, ¶ 11, 109 N.M. 173, 783 P.2d 483 (stating that where an appellant fails "to provide us with a summary of all the facts material to consideration of [his or her] issue, as required by [our Rules of Appellate Procedure], we cannot grant relief on [that] ground"). It seems to us that the State's reasons for

violating the local rule would be relevant to its assertion that the district court abused its discretion in its choice of sanction. For instance, the local rule explains that "the court shall not accept negligence or the usual press of business as sufficient excuse for failure to comply." LR2-400(I)(2). We presume this could explain the violations.

{6} Recent opinions from this Court emphasize the use of a dismissal without prejudice as an appropriate remedy for a discovery violation because it does not affect the merits and avoids potential due process problems that may result from forcing a defendant to proceed to the scheduled trial without an adequate opportunity to discover and examine the state's evidence. *See Seigling*, 2017-NMCA-___ ¶¶ 16, 23; *State v. Navarro-Calzadillas*, 2017-NMCA__, ¶¶ 17-18, __ P.3d __ (No. 34,667, Jan. 24, 2017). Under the circumstances presented—where the rule requires a sanction, the sanction imposed is expressly permitted by law and does not prejudice the State, the law does not require findings about the circumstances the district court considered, simple negligence and work pressure provide no excuse, and the State does not explain the reasons for its violations—the State presents us with little to review regarding the district court's choice of sanction. We see no abuse of discretion in the district court's imposition of the dismissal without prejudice for the State's two discovery violations.

{7} For the reasons stated in this opinion and in our notice, we affirm the district

court's order dismissing the case without prejudice.

{8}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Judge**


_____
**M. MONICA ZAMORA, Judge**