1999-NMCA-060

981 P.2d 1211

STATE of New Mexico,
Plaintiff–Appellee,

v.

Frank T. ARAGON, Defendant–Appellant.

No. 19510.

Court of Appeals of New Mexico.

March 24, 1999.

Certiorari Denied, No. 25,684,
May 5, 1999.

Patricia A. Madrid, Attorney General, Ann M. Harvey, Assistant Attorney General, Santa Fe, for Appellee.

Phyllis H. Subin, Chief Public Defender, Lisabeth L. Occhialino, Trace L. Rabern, Assistant Appellate Defenders, Santa Fe, for Appellant.

## OPINION

ARMIJO, Judge.

{1} Frank T. Aragon (Defendant) previously appealed his convictions for aggravated assault with a deadly weapon; resisting, evading, or obstructing an officer; and battery. He also appealed his sentence as an habitual offender. This Court conditionally affirmed the convictions in *State v. Aragon* (*Aragon I*), 1997–NMCA–087, 123 N.M. 803, 945 P.2d 1021. Therein, this Court remanded the case for adoption of specific findings of fact and conclusions of law concerning: (1) the basis for the trial court's denial of the motion for a continuance; (2) the severity of defense counsel's illness when the continu-

ance was requested; and (3) the extent and sufficiency of defense counsel's explanation to Defendant concerning his right to a jury trial at the time the continuance was sought. *See id.* ¶ 26. Fundamentally, this Court remanded the matter for the trial court to determine whether Defendant voluntarily, knowingly, and intelligently waived his right to a jury trial. *See id.* ¶¶ 27–28. We affirm the judgment of the trial court on remand, finding that Defendant's jury waiver was voluntarily, knowingly, and intelligently made.

## FACTUAL BACKGROUND

{2} A full recitation of the facts is published at *Aragon I*, 1997–NMCA–087, ¶¶ 2–8, 23, 123 N.M. 803, 945 P.2d 1021, and we will not repeat it here. For context, however, we note the central underlying facts and those adduced on remand.

### A. *ARAGON I*

{3} On March 12, 1996, the morning of Defendant's originally scheduled jury trial, defense counsel orally moved for a continuance, stating that he was suffering from sinus problems, fever, and congestion and it was not in his client's best interests to proceed that day. The State, nonetheless sympathetic, argued that a continuance would compromise its case in that a key witness would likely be unavailable in the near future. However, the State indicated it would be willing to proceed at a bench trial, relying upon a transcript of the potentially absent witness' prior testimony.

{4} The trial court denied the motion for continuance but allowed the parties a recess to discuss alternatives and perhaps reach a mutually acceptable solution. After the brief recess, defense counsel announced that Defendant would waive his right to a jury trial and would agree to a bench trial to be scheduled at a later time. Defendant signed a written waiver of trial by jury, later, at his attorney's office.

{5} Defendant was convicted at the bench trial and appealed, claiming, *inter alia,* error in the trial court's refusal to grant the original continuance. *See id.* ¶ 25. The heart of Defendant's argument was that he was forced into the constitutionally offensive

position of having to choose one fundamental right at the expense of another: the right to a jury trial versus the right to effective counsel. *See id.* This Court conditionally affirmed Defendant's convictions, *see id.* ¶ 28, concluding that "fairness requires that this case be remanded for adoption of specific findings of fact and conclusions of law" relating to his waiver of his right to trial by jury, *id.* ¶ 26.

### B. *PROCEEDINGS ON REMAND*

{6}   On April 2, 1998, the district court convened an evidentiary hearing in compliance with this Court's remand order. Only two witnesses testified: Defendant and his previous trial counsel, David P. Larson.

{7}   Attorney Larson did not equivocate in presenting his testimony. When asked if he was "fully effective" on the day of trial, he stated: "My physical condition was such that while I was able to function, while I was able to—had prepared myself for the trial as far as the voir dire, as far as witness preparation, as far as reviewing the file for the facts, analyzing what I believe would be the state's positions, I did feel that I was not at 100%. I felt that Mr. Aragon was entitled to an attorney who was running at 100%." Mr. Larson noted in his original motion for a continuance that he had lost his "edge." When asked, "During the break, do you feel your illness affected your ability to fully explain his constitutional rights and various choices that he had to make concerning those?", Mr. Larson replied: "No." He further testified that on the day in question, his illness did not leave him "intellectually impaired" such that he could not competently explain to Defendant the nature of the choice with which he was faced. .

{8}   For his part, Defendant testified that he knew what he was doing in waiving his right to a jury trial. He testified that he knew he had a choice, although he did not feel it was a "good one." He described the situation as follows: "He [counsel] was sick. I wanted good representation." Defendant further testified that he understood his attorney's presentation of his options and his attorney did not attempt to influence him into waiving his right to a jury trial. Defendant stated that he possessed no mental defect which prevented him from comprehending what his attorney said to him.

{9}   After considering the testimony of Defendant and Mr. Larson and counsels' arguments, the trial court determined that Defendant's waiver was voluntarily and knowingly given and entered its findings of fact and conclusions of law. Defendant now appeals.

### *STANDARD OF REVIEW*

{10}   "There is a presumption of correctness in the [district court's] rulings[.]" *State v. Carlos A.,* 1996–NMCA–082, ¶ 8, 122 N.M. 241, 923 P.2d 608. Accordingly, it is Defendant's burden on appeal to demonstrate any claimed error below. *See id.* In conducting our review, we examine the evidence in the light most favorable to affirmance. *See State v. Porras-Fuerte,* 119 N.M. 180, 184, 889 P.2d 215, 219 (Ct.App. 1994). Our role is to determine whether the trial court's findings are supported by substantial evidence and whether it correctly applied the law to these findings. *See id.*

### *DISCUSSION*

{11}   A criminal defendant has a constitutional right to effective assistance of counsel, *see* N.M. Const., Art. II, § 14, and a right to be tried by a jury of his or her peers, *see* N.M. Const., Art. II, § 12. While these rights are fundamental, *see State v. Jett,* 111 N.M. 309, 315, 805 P.2d 78, 84 (1991); *Madrid v. Roybal,* 112 N.M. 354, 356, 815 P.2d 650, 652 (Ct.App.1991), they are also personal rights which a defendant may waive, *see State v. Gonzales,* 1997–NMSC–050, ¶ 9, 13, & 15, 124 N.M. 171, 947 P.2d 128; *Aragon I,* 1997–NMCA–087, ¶ 24, 123 N.M. 803, 945 P.2d 1021. If a defendant waives these rights, the trial court must then ensure that such waiver is intelligently and freely made. *See Godinez v. Moran,* 509 U.S. 389, 400, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993); *see also People v. Simpson,* 24 Ill.App.3d 835, 321 N.E.2d 464, 468 (1974), *cited in Aragon I,* 1997–NMCA–087, ¶ 26, 123 N.M. 803, 945 P.2d 1021. "As a general proposition, whether a defendant has understandably made his waiver rests on the peculiar facts of each

case. It cannot be governed by a rigid formula." *Simpson*, 321 N.E.2d at 468.

■ {12} Where a criminal defendant waives one constitutional right in order to reserve another, the proffered waiver is not the product of a free and meaningful choice. *See State v. Castillo*, 110 N.M. 54, 55–57, 791 P.2d 808, 809–11 (Ct.App.1990). Defendant argues that the trial court forced him to make just such a constitutionally untenable decision. He contends that the trial court's denial of his motion for a continuance, despite his attorney's uncontested illness, forced him to either continue with ineffective counsel or to waive his right to a jury trial. The argument requires this Court to determine the nature of the choice Defendant was called upon to make. If Defendant was faced with the real prospect of proceeding with ineffective counsel, then the decision with which he was faced was indeed violative of the constitution. However, if he fails to show that his right to counsel was impermissibly implicated, then the trial court did not present him with the Hobson's choice he claims. *Cf. State v. Breit*, 1996–NMSC–067, ¶ 14, 122 N.M. 655, 930 P.2d 792.

### A. *DEFENDANT HAS FAILED TO DEMONSTRATE THAT HIS RIGHT TO COUNSEL WAS IMPERMISSIBLY IMPLICATED*

■ {13} Defendant attempts to analogize this case to *Simpson*, 321 N.E.2d at 468–69, which is cited in *Aragon I*, 1997–NMCA–087, ¶ 26, 123 N.M. 803, 945 P.2d 1021. In *Simpson*, the trial court conditioned its granting of defendants' motion for a continuance on their waiver of their right to a jury trial. The defendants sought the continuance as their counsel, due largely to the prosecution's abuse of the discovery process, was wholly unprepared to go to trial. *See Simpson*, 321 N.E.2d at 468–69. In that case, counsel did not have the opportunity to interview the prosecution's witnesses or to examine the physical evidence upon which the charges were based. Presented with this choice, whether to proceed with unprepared counsel before a jury or prepared counsel before the bench, the defendants acceded to the trial court's condition. The Appellate

Court of Illinois reversed the convictions, holding that the trial court unconstitutionally forced the defendants to choose one fundamental right at the expense of another. *See id.*

{14} In the present appeal, however, Defendant has failed to demonstrate that Mr. Larson's illness rendered him unprepared to proceed such that Defendant's right to effective representation was jeopardized. Moreover, Defendant has failed to show how Mr. Larson's condition compromised his ability to provide effective representation on the day in question. Mr. Larson testified on remand that he was prepared to represent Defendant. His reservation was not that he was unprepared, but that he felt he "was not at 100%." He further testified that he was not "intellectually impaired" such that he could not discharge his obligations to his client. On the contrary, he repeatedly testified that he was prepared to proceed and try Defendant's case to the best of his abilities and that he assured Defendant on this point. We therefore do not agree that *Simpson* is analogous to the instant case. *Cf. People v. Dixon*, 184 Ill.App.3d 90, 132 Ill.Dec. 577, 539 N.E.2d 1383, 1389 (1989) (distinguishing *Simpson* and noting "the cumulative effect in this case did not force defendant to waive a jury trial").

■ {15} The constitutional right to counsel protects a defendant's right to "reasonably effective assistance[,]" not to counsel in peak form. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also United States v. Jackson*, 930 F.Supp. 1228, 1234 (N.D.Ill.1996) (noting that "even alcohol or drug use during trial" does not, without more, constitute a per se violation of a defendant's right to counsel) (citing *Burnett v. Collins*, 982 F.2d 922, 930 (5th Cir.1993) and *Kelly v. United States*, 820 F.2d 1173, 1176 (11th Cir.1987)). Defendant adduced no evidence that trial counsel was incompetent, incapacitated, or otherwise impaired due to illness on the day in question. *Cf. Wilks v. Israel*, 627 F.2d 32, 36 (7th Cir.1980) (holding pro se defendant voluntarily waived right to counsel when he rejected appointed counsel and adduced no evidence demonstrating counsel's alleged incom-

petence). In the absence of such proof, we decline to hold that the trial court's denial of the motion for continuance is a per se violation of Defendant's constitutional right to effective representation.

{16} Nonetheless, Defendant argues that we must adopt a subjective analysis on this point; that is, that we must view the choice Defendant made from his perspective. Defendant, however, cites no authority for this argument. Indeed, the test is not whether Defendant was offended by the choice presented, but whether the constitution was. *See Castillo,* 110 N.M. at 56, 791 P.2d. at 810; *see also United States v. Moya–Gomez,* 860 F.2d 706, 739 (7th Cir. 1988) ("A criminal defendant may be asked to choose between waiver and another course of action so long as the choice presented to him is not constitutionally offensive."). As Defendant has failed to demonstrate that his counsel's illness rendered him unfit to proceed on the day in question such that he would be deprived of effective assistance of counsel, he has failed to demonstrate that he was forced to make a constitutionally offensive decision.

B. *DEFENDANT VOLUNTARILY WAIVED HIS RIGHT TO A JURY TRIAL*

{17} As we have determined that the trial court did not force Defendant to choose one of his constitutionally protected rights over another, we turn to the evidence regarding Defendant's actual waiver. Defendant testified on remand that he understood his decision to proceed at a bench trial. He made the decision after discussing his options with counsel. He testified that he understood the choice before him and that he suffered no mental defect which would render his decision suspect. He further testified that his counsel did not apply pressure or otherwise induce him into waiving his right. On the record before us, there is clear and substantial evidence supporting the trial court's conclusion that Defendant voluntarily, intelligently, and knowingly waived his right to a jury trial.

{18} Trial courts enjoy broad discretion in granting or denying requests for continuances. *See Aragon I,* 1997–NMCA–087, ¶ 22, 123 N.M. 803, 945 P.2d 1021. Without more, Mr. Larson's opinion that Defendant "was entitled to an attorney who was running at 100%," coupled with Defendant's belief that anything less rendered that attorney ineffective is a weak branch from which to hang an abuse of discretion. The trial court did not abuse its discretion in this case in refusing the request for a continuance. Accordingly, we hold that Defendant has failed to show that he was forced to exercise one fundamental right at the expense of another. Furthermore, he has failed to show that his waiver was involuntarily made. We therefore affirm the trial court's conclusion that Defendant voluntarily, knowingly, and intelligently waived his right to a jury trial as supported by substantial evidence.

{19} Finally, and in response to Defendant's last argument, as we find no error in the actions and decisions of the trial court, there is no cumulative error. *See State v. Vallejos,* 1998–NMCA–151, ¶ 32, 126 N.M. 161, 967 P.2d 836.

*CONCLUSION*

{20} For the foregoing reasons, this Court affirms the judgment of the trial court.

{21} **IT IS SO ORDERED.**

PICKARD, C.J., and ALARID, J., concur.