This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                     **NO. 29,656**

**BRYAN WORTHINGTON,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Thomas A. Rutledge, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendant Bryan[1] Worthington appeals the district court order revoking his probation. This Court filed a calendar notice proposing summary affirmance. Defendant filed a memorandum in opposition to proposed summary affirmance, which we have given due consideration. We affirm the district court.

**DENIAL OF RECUSAL OF JUDGE**

Defendant asserts that Judge Thomas Rutledge should have recused himself because Defendant served in the National Guard under him. Defendant served in the National Guard from 2002 to 2005. Defendant acknowledges that this issue was not preserved at the revocation hearing. [DS 6] Accordingly, we do not consider this issue. *See* Rule 12-216(A) NMRA.

Although we decline to reach the merits of this issue, we observe that Defendant should have become aware of Judge Rutledge's involvement in the case as early as January 6, 2009, when he was notified of the hearing before Judge Rutledge scheduled for March 6. [RP 142] Defendant did not object then or at any time before or during the hearing eventually held on May 4, 2009. [RP 177] Defendant does not describe the nature of his service "directly under" the judge or allege that the judge gave any indication that he remembered Defendant. [DS 6] A defendant cannot reasonably expect a second chance at a favorable ruling from a second judge after

---

[1]Sometimes spelled "Brian" in the record. "Bryan" appears to be correct based on his signature. [See, e.g., RP 19, 121, 124]

2

losing his gamble that the first judge might rule favorably. *See* Rule 5-106(A) NMRA (providing that "[a] party may not excuse a judge after the party has requested that judge to perform any discretionary act").

**CALCULATION OF REMAINING SENTENCE**

Defendant asserts that the order revoking probation incorrectly calculated the time remaining on his sentence. Although this issue was also not preserved at the revocation hearing, "[a]n unauthorized sentence may be corrected at any time." *State v. Ingram*, 1998-NMCA-177, ¶ 19, 126 N.M. 426, 970 P.2d 1151. If a court incorrectly calculates the time remaining on an otherwise legal sentence, the incorrect result is an unauthorized sentence. *See id.*

Defendant asserts that "he was told by prison officials that he had twenty-two months left on his sentence, but the order states he had twenty-six months left." [DS 6] Defendant does not inform us when the prison officials provided this information. He also does not point out, nor does our own review of the record reveal, where the order on appeal indicates that he had twenty-six months left. He does not explain why he believes the prison officials' calculation to be correct. Where the docketing statement does not provide all the facts material to resolution of an issue, affirmance of the result below is appropriate. *See State v. Chamberlain*, 109 N.M. 173, 176-77, 783 P.2d 483, 486-87 (Ct. App. 1989). There is a presumption of correctness in the

3

rulings or decisions of the district court, and the party claiming error bears the burden of showing such error. *State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211. Accordingly, we affirm the district court.

**PLACE OF IMPRISONMENT**

Defendant argues that it was improper to require him to serve time in the Department of Corrections on misdemeanor charges. [DS 6] We deem this issue moot.

The order revoking probation provides that "Defendant shall serve three hundred sixty-four (364) days of this sentence in the custody of the Eddy County Detention Center. The remainder of . . . Defendant's sentence . . . shall be suspended." [RP 169] This order modified the magistrate court sentence, which had required Defendant to be imprisoned for the entire remainder of his sentence, to be served in either the Eddy County Detention Center or the New Mexico Department of Corrections. [RP 136] Defendant was incarcerated in the state correctional facility in Hagerman, New Mexico for some time between the magistrate court order and the district court order. [See RP 149-52] Defendant currently appears to be incarcerated in the Eddy County Detention Center.

Defendant's incarceration both before and after the district court order accords with New Mexico statutes addressing the place of imprisonment for persons sentenced

to incarceration:

> Persons sentenced to imprisonment for a term of one year or more shall be imprisoned in a corrections facility designated by the corrections department, unless a new trial is granted or a portion of the sentence is suspended so as to provide for imprisonment for not more than eighteen months; then the imprisonment may be in such place of incarceration, other than a corrections facility under the jurisdiction of the corrections department, as the sentencing judge, in his discretion, may prescribe.

NMSA 1978, § 31-20-2(A) (1993). Defendant, whose sentence currently "is suspended so as to provide for imprisonment for not more than eighteen months," is incarcerated in a facility "other than a corrections facility under the jurisdiction of the corrections department." *Id.* The Eddy County Detention Center is thus an appropriate place of imprisonment. Before the district court order superseded the magistrate court order, Defendant was "sentenced to imprisonment for a term of one year or more"; namely, for the remainder of his three year and two hundred seventy day sentence. *Id.* Before the district court order, none of Defendant's sentence "[was] suspended so as to provide for imprisonment for not more than eighteen months." *Id.* Thus, at that time, a Department of Corrections facility was an appropriate place of imprisonment, and in any event, Defendant is no longer incarcerated there. We find no error in the determination of Defendant's place of imprisonment.

**SUFFICIENCY OF EVIDENCE OF PROBATION VIOLATION**

Defendant alleges that the State offered no proof that he had violated his

5

probation. [DS 6-7] Specifically, he alleges that an officer was allowed to testify that he had conducted a visit to Defendant's home and had found a bottle of Jim Beam or Seagrams[2] whiskey, possession of which would violate Defendant's conditions of probation. [Id.] Defendant testified at the hearing that the bottle actually contained iced tea. [Id.] He argues that the contents of the bottle were not tested and the bottle was not introduced at the hearing. [Id.]

Admission of the officer's testimony was apparently not objected to at the hearing.

> To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked, but formal exceptions are not required, nor is it necessary to file a motion for a new trial to preserve questions for review. Further, if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice the party.

Rule 12-216(A). Accordingly, we do not review the specific question of the admissibility of the officer's testimony that he found a bottle containing whiskey.

Defendant's assertion in the docketing statement that the State "offered no proof that he violated his probation" [DS 6] potentially raises an issue of whether the evidence was sufficient. "[T]his Court may review the sufficiency of the evidence to support a conviction, even though raised for the first time on appeal, because it

---

[2]The docketing statement identifies the bottle as Jim Beam, but the memorandum in opposition and the report of violation identify it as Seagram's. [DS 7, MIO 4, RP 112]

involves a question of fundamental error or the fundamental rights of the defendant." *State v. Vallejos*, 2000-NMCA-075, ¶ 29, 129 N.M. 424, 9 P.3d 668. "[T]he proof of a [probation] violation need not be beyond a reasonable doubt, but need only establish the violation to a reasonable certainty and satisfy the conscience of the court as to the truth of the violation." *State v. Galaz*, 2003-NMCA-076, ¶ 7, 133 N.M. 794, 70 P.3d 784.

Taken at face value, Defendant's testimony that the liquid was tea was uncontradicted, as the officer acknowledged that he had never smelled or tested it, even after Defendant had informed him at the scene that the liquid was tea. [MIO 2]

> A trial court is not required to accept uncontradicted testimony as true if (1) the witness is shown to be unworthy of belief, or (2) his testimony is equivocal or contains inherent improbabilities, or (3) concerns a transaction surrounded by suspicious circumstances, or (4) is contradicted, or subjected to reasonable doubt as to its truth or veracity, by legitimate inferences drawn from the facts and circumstances of the case.

*State v. Lovato*, 112 N.M. 517, 521, 817 P.2d 251, 255 (Ct. App. 1991). The district court had ample basis to apply at least the second and fourth of these factors to the question of what the whiskey bottle contained. The district court could have concluded that it was inherently improbable that a person under a condition of probation that he not possess alcohol and that he submit to home visits would store iced tea in a whiskey bottle. The probation officer could reasonably infer from the

7

circumstances that the whiskey bottle contained exactly what the label said. Accordingly, sufficient evidence existed to support revocation of Defendant's probation.

For the reasons stated above, we affirm the revocation of Defendant's probation.

**IT IS SO ORDERED.**

_____

**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____

**ROBERT E. ROBLES, Judge**

_____

**TIMOTHY L. GARCIA, Judge**