This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. 29,691**

**SOLOMON PEÑA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Reed S. Sheppard, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Defendant appeals from his convictions for auto burglary, possession of burglary tools, and receiving stolen property. In this Court's notice of proposed summary disposition, we proposed to affirm. Defendant has filed a memorandum in opposition. We have considered Defendant's arguments, and as we are not persuaded by them, we affirm.

**The Motion to Suppress**

Defendant asserted in his docketing statement that the district court erred in denying his motion to suppress evidence obtained as the result of an illegal seizure. [DS 3] Defendant's docketing statement provided the following information regarding the claimed seizure: Defendant was walking in a residential area in the early hours of the morning. Someone had reported to the police that an auto burglary was taking place in the area, but did not provide a description of the burglar. When an officer spotted Defendant, Defendant "was seized without a warrant and subsequently searched." [DS 3] In our notice of proposed summary disposition, we proposed to affirm because Defendant's description of the facts did not demonstrate that he was unconstitutionally seized. We noted that the analysis of a claim of a violation of the right to be free from unreasonable searches and seizures is highly fact-dependent and that "[a] seizure subject to Fourth Amendment scrutiny does not occur every time a police officer approaches a citizen." *State v. Jason L.*, 2000-NMSC-018,

¶ 14, 129 N.M. 119, 2 P.3d 856 (internal quotation marks and citation omitted). "Whether or not a search and seizure . . . violates the Fourth Amendment is judged under the facts of each case by balancing the degree of intrusion into an individual's privacy against the interest of the government in promoting crime prevention and detection." *Id.* (internal quotation marks and citation omitted). In Defendant's memorandum in opposition, he simply reasserts the same sketchy facts provided in the docketing statement. He does not assert that his trial counsel cannot remember the facts necessary to support his claims of error on appeal or that the case should be assigned to the general calendar due to any failure of his or his trial counsel's memory or record-keeping. Therefore, we assume that Defendant is aware of all of the facts relevant to his arguments.

Defendant states that "Officer Werley stopped [Defendant]" and "immediately searched him." [MIO 2] This tells us nothing about how the officer approached Defendant or what he did or said that caused Defendant to stop. *See State v. Williams*, 2006-NMCA-062, ¶ 13, 139 N.M. 578, 136 P.3d 579 (stating that in determining whether a person was seized for purposes of the Fourth Amendment, "we look to three factors: (1) the police conduct, (2) the person of the individual citizen, and (3) the physical surroundings existing at the time of the encounter"). Because a police officer is free to ask questions of a person on the street, *see State v. Gutierrez*,

2008-NMCA-015, ¶ 9, 143 N.M. 522, 177 P.3d 1096 (filed 2007) ("Law enforcement officers generally need no justification to approach private individuals on the street to ask questions."), *cert. granted*, 2008-NMCERT-001, 143 N.M. 398, 176 P.3d 1130, and because Defendant has not provided any specific facts indicating that the manner in which the officer approached Defendant was such that a reasonable person would not have felt free to leave, we conclude that Defendant has not demonstrated that he was seized or that, if he was seized, the seizure was an unreasonable intrusion into his privacy when weighed against the government's interest in apprehending the person who had just committed burglary of an automobile.

We note that Defendant does not challenge the legality of the search, as distinct from the initial seizure. Defendant's argument regarding the legality of the seizure does not rely on the fact of the search [MIO 3-6], and to the degree that the fact of the search would be relevant to the question of whether Defendant was seized, Defendant has not described how the search occurred. Defendant says that "[a]fter Officer Werley stopped [Defendant], he immediately searched him and found a key in his pocket." [MIO 2] But, perhaps because Defendant neither challenges the search itself nor believes the fact of the search to be relevant to the question of whether he was seized, he does not explain if the officer just began reaching into Defendant's pockets, or if he asked for Defendant's consent to search, or if he told Defendant that

4

Defendant had to let the officer search him. [MIO 2]

As Defendant has not demonstrated that he was seized, or if he was seized, that the seizure was constitutionally unreasonable, we conclude that the district court did not err in denying Defendant's motion to suppress. *State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (indicating that the appellant bears the burden of demonstrating error on appeal).

**Sufficiency of the Evidence**

Defendant contends that there was insufficient evidence to support any of his convictions because no witness was able to identify Defendant as the person who committed the crimes. [DS 3, MIO 8] "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. "The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict." *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789.

The evidence linking Defendant to the crimes was: 1) Defendant's presence out on the street in the area of the crime at the time of the crime and 2) a key that was found in his pocket. [DS 3; MIO 8] This key was to a vehicle that was later found to

5

contain items taken during the burglary, along with a flashlight and leather gloves. [DS 3, MIO 8] This evidence was sufficient for a reasonable juror to conclude beyond a reasonable doubt that Defendant had participated in the crimes of which he was convicted. Defendant had a key to a car that contained the proceeds of the auto burglary, and a reasonable juror could conclude that only someone with exclusive or near-exclusive access to a vehicle would have a key. This fact, combined with Defendant's presence outside on the street in the "early morning hours" at the time that the auto burglary occurred near the place where it occurred was sufficient circumstantial evidence to support a conclusion that Defendant participated in the crimes. Although Defendant points out that no witness identified him as being involved in the burglary, we know of no requirement that an eyewitness must testify in order to support a conviction. As Defendant does not make any other argument regarding the sufficiency of the evidence, we do not address whether there was sufficient evidence to prove any element necessary to support his conviction, other than Defendant's identity as a perpetrator.

Therefore, for the reasons stated in this opinion and in the notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____

6

**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**ROBERT E. ROBLES, Judge**