This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                      **NO. 35,798**

**LISA ASHCRAFT**,

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Michael E. Martinez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Lisa Torraco
L. Helen Bennett
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     Defendant appeals her convictions for forgery and embezzlement. We issued a Notice of Proposed Summary Disposition proposing to affirm, and Defendant has responded with a timely memorandum in opposition, which we have duly considered. Because we remain unpersuaded that our initial proposed disposition was incorrect, we affirm.

**DISCUSSION**

{2}     Defendant continues to argue that the district court erred in refusing her tendered jury instructions on forgery because the given instructions added the element of "deceit," which is not contained in the forgery statute. [MIO 2-5] We review this issue de novo. *See State v. Lucero*, 2010-NMSC-011, ¶ 11, 147 N.M. 747, 228 P.3d 1167 (stating that the appellate court reviews the propriety of jury instructions de novo as a mixed question of law and fact).

{3}     The given jury instructions on forgery followed UJI 14-1643 NMRA (setting out the essential elements of forgery and requiring a finding that "[a]t the time, the defendant intended to injure, deceive or cheat [the victim] or another"). The instructions stated in part that the jury had to find beyond a reasonable doubt that Defendant "intended to injure, deceive or cheat Innerwork Psychotherapy & Counseling and/or Eva Silva and/or another." [RP 326-382] Defendant argues that this instruction is inconsistent with the language of the forgery statute because it adds the

2

perjorative terms "deceive" and "cheat," which are not part of the forgery statute. [MIO 2-4]

{4} We disagree. NMSA 1978, Section 30-16-10(A)(1) (2006) defines forgery as "falsely making or altering any signature to, or any part of, any writing purporting to have any legal efficacy with intent to injure or defraud." The "intent to defraud" means "intent to deceive or cheat." *See* UJI 14-1643 Comm. Comment. ("The intent to defraud is the same as the element in the crime of fraud, the intent to deceive or cheat."); *see also State v. Curry*, 2002-NMCA-092, ¶ 11, 132 N.M. 602, 52 P.3d 974 (stating that fraudulent intent is defined "as the intent to cheat or deceive"). The jury instruction therefore defines the term "defraud" in accordance with its meaning. We therefore reject Defendant's argument that the jury instructions on forgery was inconsistent with the forgery statute or that it changed the elements of the offense. *See State v. Green*, 1993-NMSC-056, ¶ 11, 116 N.M. 273, 861 P.2d 954 (discussing forgery and other statutes requiring that the defendant have intent to defraud the victim and stating that where fraudulent intent is a statutory element of the offense the uniform jury instructions require that the jury be instructed "that the defendant intended to deceive or cheat the victim" (internal quotation marks omitted)).

{5} Defendant next argues that the district court erred in denying her motion to dismiss for a speedy trial violation. [MIO 5-10] New Mexico has adopted the United States Supreme Court's balancing test set forth in *Barker v. Wingo*, 407 U.S. 514

(1972) in analyzing a speedy trial claim. *See State v. Fierro*, 2012-NMCA-054, ¶ 33, 278 P.3d 541. Under the *Barker* framework, courts weigh " 'the conduct of both the prosecution and the defendant' under the guidance of four factors: (1) the length of the delay; (2) the reasons for the delay; (3) the timeliness and manner in which the defendant asserted his speedy trial right; and (4) the particular prejudice that the defendant actually suffered." *State v. Smith*, 2016-NMSC-007, ¶ 58, 367 P.3d 420 (internal quotation marks and citation omitted)). "In considering each of the factors, we defer to the district court's factual findings but review de novo the question of whether [the d]efendant's constitutional right to a speedy trial was violated." *State v. Montoya*, 2011-NMCA-074, ¶ 9, 150 N.M. 415, 259 P.3d 820.

{6}     Defendant continues argue that this was a simple case, rather than a case of intermediate complexity as the district court found. [RP 200-201; MIO 7] Defendant argues that the only issues in this case were whether she had permission to sign the checks and whether she signed the checks with the requisite mens rea, and did not involve expert or scientific evidence. [MIO 7-8] However, the district court found the case to be one of intermediate complexity based on the fact that trial was projected to last five days, there were numerous counts to try, and the case involved a five-year period of embezzlement and a two year period of forgeries. [RP 200-201] We agree that this is sufficient to establish that the case was of intermediate complexity. *See State v. Wilson*, 2010-NMCA-018, ¶ 24, 147 N.M. 706, 228 P.3d 490 ("Cases of

intermediate complexity . . . involve numerous or relatively difficult criminal charges and evidentiary issues, numerous witnesses, expert testimony, and scientific evidence."); *see also State v. Coffin*, 1999-NMSC-038, ¶ 57, 128 N.M. 192, 991 P.2d 477 ("[W]e have determined that the [district] court is in the best position to determine the complexity of a case[.]"); *State v. Flores*, 2015-NMCA-081, ¶ 6, 355 P.3d 81 (stating that the appellate courts give deference to the district court as to the level of complexity of the case). The delay in this case therefore became presumptively prejudicial after fifteen months, not nine months as Defendant argues. [MIO 7] *See State v. Montoya*, 2015-NMCA-056, ¶ 15, 348 P.3d 1057 (stating that the threshold to establish presumptive prejudice in a case of intermediate complexity is fifteen months).

{7}     Defendant also again asserts that the delay was due to the State's failure to provide discovery. [MIO 7-9] In our notice of proposed summary disposition we proposed to reject this argument because the district court found that no discovery violation had occurred, and Defendant had not explained how this ruling was in error. [RP 206-207] *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (recognizing that there is a presumption of correctness in the rulings of the trial court, and the party claiming error bears the burden of showing such error). In her memorandum in opposition, Defendant merely reasserts that significant delay in this

case was due to discovery violations by the State. [MIO 7-9] For the reasons set forth in our proposed notice, we reject this argument. We therefore agree with the district court's determination that this five month period weighed neutrally. *See State v. Taylor*, 2015-NMCA-012, ¶ 11, 343 P.3d 199 (weighing neutrally a period of delay when the case "was progressing in a normal fashion"). For these reasons, and those stated in our notice of proposed summary disposition, we believe that Defendant's right to a speedy trial was not violated. *See State v. Samora*, 2013-NMSC-038, ¶ 27, 307 P.3d 328 (stating that where the length of delay, reason for the delay, and assertion of the right factors do not weigh heavily in the defendant's favor, the defendant must show particularized prejudice).

**{8}** For the foregoing reasons, we affirm the district court.

**{9}** **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**STEPHEN G. FRENCH, Judge**

_____
**HENRY M. BOHNHOFF, Judge**