This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                    **No. 36,217**

**AMY MONTOYA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Benjamin Chavez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

{1}     Defendant appeals, pursuant to a conditional guilty plea to aggravated driving

while intoxicated, from the district court's affirmance of the metropolitan (metro) court's denial of her motion to suppress. This Court issued a notice of proposed disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

{2} In the metro court, Defendant moved to suppress the evidence against her, arguing that the stop of her vehicle was unconstitutional, pursuant to *City of Las Cruces v. Betancourt*, 1987-NMCA-039, 105 N.M. 655, 735 P.2d 1161. [CN 3] The State responded, arguing that the perimeter was not subject to the *Betancourt* requirements, and was instead justified by exigent circumstances. [CN 3] The metro court agreed with the State and denied Defendant's motion to suppress. [CN 3] On remand from the district court, however, the metro court considered the stop of Defendant's vehicle in light of *Betancourt*, again finding no constitutional violation. [CN 3] On appeal from that ruling, Defendant made the discrete argument that the metro court should have evaluated the reasonableness of the crime scene perimeter as a whole, and not just the specific roadblock at which she was stopped, under *Betancourt*. [CN 4]

{3} In this Court's calendar notice, we noted that Defendant had not challenged the metro court's ruling that the roadblock itself was reasonable. [CN 5] Further, we declined to review Defendant's undeveloped argument that the metro court erred in

not considering the reasonableness of the entire perimeter, especially in the absence of supporting authority for Defendant's specific contention. [CN 4-5] Consequently, we suggested that we were unconvinced that Defendant—through her unsupported and inadequately developed discrete argument—had met her burden to demonstrate error on appeal. [CN 5] *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the trial court, and the party claiming error bears the burden of showing such error).

{4}     In response to this Court's notice of proposed disposition, Defendant filed a memorandum in opposition, specifically asserting that she does not argue any factual error with respect to our calendar notice, and citing to one out-of-jurisdiction case that she concedes is contrary to her position on appeal. [MIO 1] Consequently, we conclude that Defendant has not met her burden to demonstrate error. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{5}     Accordingly, for the reasons stated above, as well as those provided in our notice of proposed disposition, we affirm.

{6}     **IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**STEPHEN G. FRENCH, Judge**