This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38471**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**GARY COLLINS, a/k/a GARRY O. COLLINS**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cindy Leos, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa, Fe NM

for Appellant

### MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}**    Defendant appeals from the district court's judgment and sentence, entered pursuant to a jury verdict that found him guilty of aggravated fleeing from a law enforcement officer. Unpersuaded by the docketing statement, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded with a memorandum in opposition to our notice. Unpersuaded, we affirm.

**{2}** Defendant challenges the sufficiency of the evidence to support his conviction for aggravated fleeing from a law enforcement officer, contending the evidence was insufficient to establish that any person was endangered by Defendant's driving. [DS 4] Defendant also contends the district court erred by ruling that the defense opened the door to the issue of impairment and by permitting the officer to testify to his suspicion that Defendant was driving while impaired by alcohol. [DS 4]

**{3}** Defendant's response to our notice contends that although the evidence shows that a collision was only nearly averted, it does not show actual endangerment of another person because Defendant was not driving very fast and the other vehicle was stationary. [MIO 6-7] Our notice observed that Defendant had a passenger in his vehicle when he pulled into a parking lot and accelerated suddenly, nearly hitting another vehicle waiting in a McDonald's drive-through line. [CN 3, 4; DS 2] Defendant's theory that his actions did not cause actual endangerment is a factual matter for the jury to decide, not for this Court to consider on appeal. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie). As stated in our notice, when assessing the sufficiency of the evidence, "we view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Samora*, 2016-NMSC-031, ¶ 34, 387 P.3d 230 (internal quotation marks and citation omitted). We disregard all evidence and inferences that support a different result. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. Viewing the evidence in this manner, we hold that the evidence was sufficient to support the finding that Defendant's actions endangered another person and the jury could properly reject Defendant's theory that his actions did not cause actual endangerment. *See id.* ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts.").

**{4}** Also in response to our notice, Defendant maintains that the district court abused its discretion by allowing the officer to testify about his observations of Defendant's impairment. [MIO 7-8] Neither Defendant's docketing statement nor his memorandum in opposition contain a description of the defense's question or the officer's response, upon which Defendant's issue is based. We are told the district court ruled that defense counsel opened the door to the issue of impairment when inquiring into the deputy's standard operating procedures pertaining to whether and when a chase would be initiated with a suspect who did not pull over when signaled to do so. [DS 3-4] As indicated in our notice, we can imagine that the officer's response to the inquiry could include the reason why the officer tried to pull over Defendant in the first instance, a consideration of whether a fleeing motorist was impaired, and why the officer believed Defendant was fleeing. We further stated that regardless of our ability to imagine a logical reason for the ruling, we are not required to engage in speculation into the meaning or intent behind Defendant's issue. *See State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031 (observing that appellate courts will not review unclear or undeveloped arguments). Defendant's memorandum in opposition has not alleviated the need to engage in speculation, and we continue to see logic behind the district

court's admission of the officer's testimony. *See Samora*, 2016-NMSC-031, ¶ 37 ("Absent a clear abuse of discretion, we will not reverse a trial judges decision to admit evidence. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." (internal quotation marks and citations omitted)); *State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that we presume correctness in the trial court's rulings and the burden is on the appellant to demonstrate trial court error). Thus, Defendant has not demonstrated error.

**{5}**     For the reasons stated in our notice and in this opinion, we affirm the district court's judgment and sentence.

**{6}     IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JENNIFER L. ATTREP, Judge**