This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39157

**OPEN ACCESS NM,**

Petitioner-Appellant,

v.

**NICHOLAS KOLUNCICH, Designated Custodian of Public Records for the New Mexico State Land Office,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Benjamin Chavez, District Judge**

Western Agricultural, Resource
and Business Advocates, LLP
A. Blair Dunn
Jared R. Vander Dussen
Albuquerque, NM

for Appellant

New Mexico State Land Office
Ari Biernoff, General Counsel
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}**     Petitioner appeals a summary judgment in this declaratory judgment action involving the Inspection of Public Records Act (IPRA), NMSA 1978, §§ 14-2-1 to -12 (1947 as amended through 2019). Because Petitioner's docketing statement failed to provide this Court with a summary of the "facts material to a consideration of the issues

presented," [CN 5] our notice of proposed summary affirmance was based largely upon the presumption of correctness. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the trial court, and the party claiming error bears the burden of showing such error). Further, this Court has no duty to search the record for facts in support of generalized arguments. *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104. Our notice also proposed that a review of the available record suggested that the district court appeared to have "properly applied the summary judgment standard, as outlined in Rule 1-056 NMRA, to a case in which Petitioner's response to a motion for summary judgment seems not to have properly raised material issues of disputed fact or otherwise controverted Respondent's entitlement to judgment as a matter of law." [CN 4]

**{2}** In response, Petitioner has filed a memorandum in opposition to summary affirmance asserting that the sole question on appeal is whether the district court erred in interpreting Section 14-2-9(C)(3) to allow a state agency to charge "for *reformatting* records they did not request be reformatted where the Legislature only authorized the agency to charge for *downloading* the records which is a very different action and results in a different charge." [MIO 3-4] Petitioner's memorandum offers no support for its assertion that reformatting and downloading are "very different" and result in different charges.

**{3}** In addressing the $26.50 charge at the heart of this case, the district court had before it Respondent's statement of undisputed material fact explaining the charge at issue:

> The [agency] charges records requesters for the staff time it takes to upload electronic records to Dropbox. [The agency's records custodian] determined that, given the volume of records retrieved and the amount of time it takes to upload (copy) individual files from the [agency's] network servers to Dropbox, an hour of staff time would be a conservative estimate to complete that work.

[RP 82]

Petitioner's response to this assertion, which was Respondent's material fact number 13, describes it as a mischaracterization:

> At paragraph 11, Respondent admits that he intended to charge $26.50 for "*reformatting the documents*." Then at paragraph 13 [Respondent] states that the $26.50 was to charge required to "upload" the documents. Thus, in his attempt to engage in word play; [Respondent] ends up being far less than honest with this Court in his facts.

[RP 136 (footnote omitted)]

**{4}** In order for this response to have placed material fact number 13 in controversy for purposes of Rule 1-056, Petitioner must have, by way of "affidavits or as otherwise provided in [Rule 1-056]. . . set forth specific facts showing that there is a genuine issue for trial." Rule 1-056(E). The only citation offered in Petitioner's refutation of Respondent's material fact number 13, however, is a reference to Respondent's material fact number 11. We thus turn to Respondent's material fact number 11, where we find a recitation that the agency sent Petitioner a letter, which is quoted as informing Petitioner that

> [i]n light of email size constraints, the [agency] will upload the documents(s) to a Dropbox and make them available to you through a Dropbox link. [The agency] charges $26.50 per hour for the cost of reformatting the documents. The total cost to remit this batch of documents electronically is $26.50.

[RP 82]

**{5}** It thus appears that the entire dispute in this case is whether a letter referring to a charge of $26.50 per hour for "reformatting" documents is "very different" and should result "in a different charge" from a statement in an affidavit that the charge is for one hour of time uploading files to Dropbox. In addressing that question, we note that the relevant statute allows a state agency to charge "the actual costs associated with downloading copies of public records to a computer disk or storage device[.]" Section 14-2-9(C)(3). Dropbox is a file-sharing platform that can allow Petitioner to download copies of documents uploaded by the agency. [RP 82] The statute does not appear to prohibit the agency from charging an hourly fee for any particular activity in connection with downloading records in order that they be made available to a requester, except that the activities must involve the "actual costs associated with" doing so. In assessing whether the charge of $26.50 associated with this IPRA request represented actual costs in providing the records to Petitioner, the district court summarized the undisputed facts as follows:

> On June 18, 2019, Mr. Koluncich advised [Petitioner's] counsel that approximately 2,160 pages of responsive records were ready to be transmitted to him, upon payment of a $26.50 fee for electronic copies of those records. . . . On June 20, 2019, [Petitioner's] counsel asked that the records be provided in native format. Mr. Koluncich advised [Petitioner's] counsel that he would still need to pay the $26.50 fee for the records to be uploaded to Dropbox, an electronic file-sharing platform. [Petitioner's] counsel did not pay the fee. This lawsuit was filed on June 24, 2019.

[RP 208]

**{6}** This appears to be an accurate summary of the undisputed facts asserted by the parties in connection with the motion for summary judgment. [RP 80-83, 135-36] Based

on those facts, we conclude that the $26.50 at issue represented the actual cost associated with providing the requested public records for Petitioner to download.

**{7}**     The summary judgment is affirmed.

**{8}     IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**KRISTINA BOGARDUS, Judge**