This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40246**

**RENE OROZCO,**

      Plaintiff-Appellant,

v.

**BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SANDOVAL and Corrections Officer BRIAN EDWARDS,**

      Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**James A. Noel, District Judge**

Meintzer Law Firm
Ed Meintzer
Los Lunas, NM

Steven K. Sanders and Associates, LLC
Steven K. Sanders
Albuquerque, NM

for Appellant

New Mexico Association of Counties
Brandon Huss
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**ATTREP, Chief Judge.**

**{1}** Plaintiff appeals from the district court's order granting summary judgment in favor of Defendants on the basis that Plaintiff failed to provide an expert witness to rebut evidence presented by Defendants' expert witness regarding the standard of care in monitoring inmates and providing medical care at the Sandoval County Detention Center (SCDC). We issued a calendar notice proposing to affirm. Plaintiff has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** In his memorandum in opposition, Plaintiff continues to argue that expert testimony was not required to establish Defendants' negligence because the attack occurred in front of correctional officers and because he was released and not taken to a hospital per medical recommendations. [MIO 5-6] Specifically, he argues that "expert testimony on the standard of care is not necessary as the negligence can be determined by the common knowledge of average persons." [MIO 6]

**{3}** Plaintiff does not dispute any of the facts relied upon in the calendar notice. Rather, he asserts that our reliance on *Villalobos v. Board of County Commissioners of Doña Ana County*, 2014-NMCA-044, 322 P.3d 439, was incorrect, as that case addressed a correctional facility's failure to monitor inmates not within view of correctional officers. [MIO 6-7] He argues that because the attack occurred directly in front of correctional officers, this case is unlike the assault in *Villalobos*, which occurred out of the correctional officers' sight, so expert testimony is not needed, as the average lay juror can determine that correctional officers were negligent. [MIO 7] In a related argument, Plaintiff argues that *Villalobos* involved the monitoring of inmates, which Plaintiff asserts was not at issue here. [MIO 8]

**{4}** We disagree with Plaintiff's contention that *Villalobos* is inapplicable because this case does not involve the monitoring of inmates. This case involved the supervision of inmates, including Plaintiff, within the direct sight of correctional officers. Further, the immediate removal of Plaintiff from the pod, which Plaintiff contends should have occurred, would have necessitated the monitoring and supervision of other inmates. Consequently, we are unpersuaded that dispensing with the standard of care is appropriate merely because inmates are within correctional officers' direct sight. Additionally, contrary to Plaintiff's contention, the proposed disposition does not mandate that every action against a detention center requires expert testimony. Nor has this Court interpreted *Villalobos* as requiring an expert in every case against a detention center. *See id.* ¶ 6 ("Although a case in which an expert is not necessary to establish negligence in a prison context may exist, it is not this case."). Rather, whether expert testimony is necessary depends on the specific facts and circumstances in each case. *See id.* ¶¶ 8-11.

**{5}** Plaintiff further argues, citing *Richter v. Presbyterian Healthcare Services*, 2014-NMCA-056, 326 P.3d 50, that because expert testimony is not always required in the medical malpractice context to establish a claim of negligence, similarly, expert testimony was not required here because an average lay juror could determine that correctional officers were negligent. [MIO 9-11] We disagree. In *Richter*, this Court discussed the difference between "medical or professional negligence claims" and

"ordinary negligence claims." *Id.* ¶ 21. To distinguish between the two, this Court adopted a test that considers whether professional interpretation of certain conduct is necessary. *Id.* ¶ 22. The Court explained that "[i]f the act involves the use of specialized knowledge or skill to make a judgment call as to the appropriate thing to do or not do, expert testimony will likely be needed to assess the resultant act or failure to act. If not, expert testimony is not required." *Id.*

**{6}** Based on the facts and circumstances in this case, a professional interpretation of the standard of care regarding correctional facility procedures is required. Given the chaotic scene and Plaintiff's panicked state, including Plaintiff yelling that other inmates threatened they were going to "f*** him up" as he pleaded to be removed [MIO 2], Plaintiff's immediate removal from the pod could have endangered both correctional officers and inmates. In such a situation, the design of the correctional officers' security station, its location in the facility relative to the surrounding pods and secured areas, and the safety and security of other inmates as well as correctional officers in responding to such an incident must be established by an expert skilled in the safety procedures and layout of the correctional facility. The average lay juror cannot be expected to understand, without the assistance of expert testimony, what the standard of care is regarding inmate and officer safety, or response times in the midst of fights and violent outbreaks. Without such expert testimony, Plaintiff cannot establish whether the correctional officers' response to Plaintiff's pleas to be immediately removed from the pod fell below the standard of care.

**{7}** Insofar as Plaintiff continues to argue that expert testimony is not needed to determine SCDC's negligence for failure to provide Plaintiff hospital care when the SCDC's own medical staff recommended it [MIO 4], we are similarly unpersuaded.[1] We recognize, as Plaintiff points out, that this is not a medical negligence claim. [MIO 12] However, without expert testimony concerning both SCDC's internal policies for transferring inmates for hospital care and whether Plaintiff's injuries warranted further hospital care, the average juror would not have the necessary information to evaluate Defendants' actions and whether such actions fell below the standard of care. Thus, we conclude that, absent expert testimony, Plaintiff lacks evidence to support his theory that a breach of the standard of care occurred.

**{8}** We therefore conclude that expert testimony was required to rebut Defendants' evidence regarding prison industry standards in the monitoring and provision of medical care for inmates; Plaintiff provided none. Unpersuaded that Plaintiff's arguments change our proposed disposition, we conclude that Plaintiff fails to meet his burden of establishing error on appeal. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M.

---

1We note that Defendants asserted in their motion for summary judgment that SCDC relies exclusively on an independent contractor for all medical services to make all medical decisions, and as a result, they are immune from claims under the New Mexico Tort Claims Act. [RP 140, 145] Plaintiff's response to the motion for summary judgment does not dispute that fact, but argues that it does not absolve Defendants of negligence. [RP 186] For purposes of this opinion, we assume without deciding that SCDC could be liable for the negligence of the independent contractor's failures.

393, 981 P.2d 1211 (stating that the party claiming error bears the burden of establishing error).

{9} For the reasons stated in our notice of proposed disposition and herein, we affirm the district court's grant of summary judgment in favor of Defendants.

{10} IT IS SO ORDERED.

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**SHAMMARA H. HENDERSON, Judge**