This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39867

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JOSEPH A. ZAMORA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stanley Whitaker, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Erica Schiff, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Mark A. Peralta-Silva, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## DECISION

**BOGARDUS, Judge.**

**{1}** Defendant Joseph A. Zamora appeals his convictions of vehicular homicide, contrary to NMSA 1978, Section 66-8-101 (2016); and leaving the scene of the accident resulting in death, contrary to NMSA 1978, Section 66-7-201(C) (1989). Defendant raises three issues on appeal: (1) there is insufficient evidence to prove that he knew there was an accident; (2) his trial attorney provided ineffective assistance of counsel

and; (3) his two separate convictions violate his right to be free from double jeopardy. There is a presumption of correctness in the rulings or decisions of the district court, and the party claiming error bears the burden of showing such error. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211. We conclude, after thorough and careful review of the briefing, the authorities cited therein, and the record of the case before us, that Defendant has not demonstrated an error on the part of the district court that requires reversal. *See id.* ("In conducting our review, we examine the evidence in the light most favorable to affirmance.").

{2}     As to the first argument, viewing the evidence "in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict," there is sufficient evidence to infer that Defendant knew of the accident. *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. Defendant stipulated to driving the truck at the time of the accident, the State presented video evidence of Victim falling from the truck and the truck immediately bouncing over something, and testimony suggests that Defendant likely felt a noticeable jolt from driving over Victim's entire midsection. From this circumstantial evidence, the jury could have reasonably inferred that Defendant knew that Victim had fallen from his truck and that he had ran over Victim. *See State v. Stefani*, 2006-NMCA-073, ¶ 39, 139 N.M. 719, 137 P.3d 659 (noting that a jury is "free to draw inferences regarding the facts necessary to support a conviction").

{3}     Second, both of Defendant's ineffective assistance of counsel claims fail to meet the prima facie requirements for such claims. *See State v. Dylan J.*, 2009-NMCA-027, ¶ 36, 145 N.M.719, 204 P.3d 44 ("[Prima facie] test places the burden on the defendant to show that his counsel's performance was deficient and that the deficient performance prejudiced his defense."). We note that Defendant asserted arguments regarding events at the detention facility that are not part of the record and about matters that could be considered trial strategy. Developing the factual basis for each of Defendant's claims is necessary for full determination of the ineffective assistance claim; therefore, his claim is more properly brought through a habeas corpus petition. *See State v. Crocco*, 2014-NMSC-016, ¶¶ 14-15, 327 P.3d 1068.

{4}     Finally, *State v. Melendrez*, 2014-NMCA-062, ¶¶ 5-13, 326 P.3d 1126, established that separate convictions of vehicular homicide and knowingly leaving the scene of an accident resulting in death do not violate the prohibition against double jeopardy. Accordingly, we affirm Defendant's convictions.

{5}     **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**KATHERINE A. WRAY, Judge**