This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41138**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**CHARLES W. HARRIS,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Michael H. Stone, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Charles W. Harris, Jr.
Carlsbad, NM

Pro Se Appellant

### MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}**     Defendant appeals the district court's order denying Defendant's Rule 5-803 NMRA motion for post-sentence relief. In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}**     In his memorandum in opposition, we understand Defendant to raise the same nine issues and related facts that we addressed and proposed to disagree with in our notice of proposed disposition. [MIO 2-6] Defendant has failed, however, to assert any new facts, law, or argument that persuade this Court that our notice of proposed

disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Because Defendant has merely reasserted the same arguments already addressed, and does not otherwise provide any explanation or support demonstrating that the district court misapplied Rule 5-803(G) in denying Defendant's motion for post-sentence relief, we conclude that Defendant has failed to carry his burden to demonstrate reversible error. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that we presume correctness in the district court's rulings and the burden is on the appellant to demonstrate district court error).

**{3}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{4}** **IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**ZACHARY A. IVES, Judge**