This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                 **No. A-1-CA-35007**

**MIROSLAVA GIRARD,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando R. Macias, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
John Kloss, Assistant Attorney General
Albuquerque, NM

for Appellee

D. Eric Hannum
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**FRENCH, Judge.**

{1}     We are called upon to review two evidentiary matters. After conviction by jury trial, Defendant Miroslava Girard appeals her conviction on one count of failing to disclose facts to obtain public assistance (over $20,000), contrary to NMSA 1978, Section 30-40-1(F) (2006). Defendant was sentenced to a conditional discharge and placed on probation for five years. On appeal, Defendant argues that the district court (1) erred in allowing the State's witness to give conclusions and opinion testimony; and (2) abused its discretion in cautioning defense counsel to be careful about making objections, thereby preempting defense counsel's objections to hearsay testimony from the State's witness.

{2}     We hold that Defendant failed to properly preserve her argument on the first issue and that the district court did not err in regard to the second issue, and therefore affirm. As the parties are familiar with the facts of the case, we will not recite them in detail here but reference them where pertinent below.

**Defendant Failed to Preserve Her Rule 701 NMRA Argument for Review Under Rule 12-216(A) NMRA (1993, recompiled and amended as Rule 12-321 NMRA, effective Dec. 31, 2016)**

{3}     At trial, Defendant interrupted the testimony of the State's witness about discrepancies she noticed in Defendant's file about the identity of the father of Defendant's child with a speaking objection. In response, the district court stated: "Rules of evidence, [defense counsel]. What is the objection under the rules of

2

evidence? You don't give speaking objections here." At the bench conference that followed, the district court inquired as to Defendant's specific evidentiary objection, whereupon defense counsel stated his specific objection was: "Argumentative. [The State's witness] is making [an] argument. She's making . . . a closing argument, she's not answering a question. She's saying these are the conclusions I'm drawing from things." In overruling the objection, the district court ruled that the State's witness testimony was not argumentative.

**{4}** Rule 12-321(A) provides that in order "[t]o preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked." An appellant seeking review of a court's evidentiary ruling must have alerted the district court to the specific basis of their objection, thus allowing the court to comprehend and analyze the issue and make an intelligent ruling thereon. "In order to preserve an issue for appeal, a defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon." *State v. Montoya*, 2015-NMSC-010, ¶ 45, 345 P.3d 1056 (internal quotation marks and citation omitted).

**{5}** Defendant's objection did not specifically apprise the district court of the issue Defendant raises on appeal. Defendant now argues that the district court abused its

discretion in allowing the State's witness to give conclusions and "unfounded opinion testimony" in violation of Rule 11-701.

**{6}** Rule 11-701 provides for lay witness testimony in the form of an opinion that is: (1) limited to the witness's perception; (2) helpful to an understanding of the witness's testimony; and (3) not based on scientific, technical, or other specialized knowledge within the scope of Rule 11-702 NMRA. *See* Rule 11-701. Defendant directs this Court to seven pages of transcript citation in her brief in chief, purporting to evidence the district court's error in admission of testimony about discrepancies the witness identified in Defendant's records. However, our review of these transcript cites indicates that Defendant either did not object, objected to the testimony as argumentative—as discussed in the colloquy above—or as speculation, hearsay, or cumulative evidence. None of the objections were made pursuant to Rule 11-701 and therefore could not have alerted the "trial court [to] the nature of the claimed error and invoke[d] an intelligent ruling thereon." *Montoya*, 2015-NMSC-010, ¶ 45 (internal quotation marks and citation omitted). Because the issue argued on appeal is not the issue that was presented to the district court, we conclude that Defendant failed to preserve her evidentiary arguments under Rule 11-701 and we will not review them on appeal. *See State v. Salazar*, 2006-NMCA-066, ¶ 9, 139 N.M. 603, 136 P.3d 1013

("We do not address issues that were not raised below. The trial court must be alerted to the problem and given an opportunity to resolve it.").

**The District Court Did Not Err by Admitting Hearsay or by Cautioning Defense Counsel About Future Objections**

{7}   Defendant argues that the district court's admission of hearsay and its "admonition" to counsel to "[b]e careful about making objections because I'll overrule them[,]" constituted abuses of discretion requiring reversal of her conviction.

{8}   "Admission of evidence is within the sound discretion of the trial court and the trial court's determination will not be disturbed in the absence of an abuse of that discretion." *State v. Aguayo*, 1992-NMCA-044, ¶ 17, 114 N.M. 124, 835 P.2d 840. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. [The appellate courts] cannot say the trial court abused its discretion by its ruling unless [the ruling] can [be] characterize[d] . . . as clearly untenable or not justified by reason." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted).

{9}   We cannot conclude that the district court abused its discretion, and we agree with the State that Defendant has taken the district court's evidentiary rulings and statements out of context. The linchpin of our analysis is based on the context of

5

Defendant's objections and the district court's rulings and comments, which are set forth below.

{10} During direct examination of the State's witness, Defendant twice objected on hearsay grounds, both sustained by the district court. Upon Defendant's third hearsay objection, the district court held a bench conference. The district court was then alerted to the fact that the information sought to be elicited was contained "[o]n page 150 of Exhibit 1[,]" which had already been "[d]isclosed and . . . preadmitted." Defense counsel then stated, "at some point I'm going to be objecting because all this is cumulative evidence." In overruling the third hearsay objection, and analyzing the sequencing of witnesses and exhibits, the district court ruled that it would "allow some flexibility in order for the State to put their case on. Be careful about making objections because I'll overrule them." The record, therefore, illustrates that the district court was cautioning against an objection to cumulative evidence that Defendant had not yet made, rather than other valid objections. Examination of the transcript also reveals that the district court did not preemptively curtail Defendant's counsel from making objections.

{11} We conclude that Defendant has failed to demonstrate that the district court's ruling was clearly against the logic and effect of the facts and circumstances of the case or unjustified by reason, and emphasize that there is a presumption of correctness

in the rulings or decisions of the district court, and the party claiming error bears the burden of showing error. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211.

**CONCLUSION**

{12}     For the foregoing reasons, we affirm Defendant's conviction.

{13}     **IT IS SO ORDERED.**

_____
**STEPHEN G. FRENCH, Judge**

**WE CONCUR:**

_____
**JULIE J. VARGAS, Judge**

_____
**EMIL J. KIEHNE, Judge**