This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39809**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

 Petitioner-Appellee,

v.

**KEELY J.,**

 Respondent-Appellant,

and

**JEREMIAH J.,**

 Interested Party,

**IN THE MATTER OF KAITLYN J.,
and KAMDEN J.,**

 Children.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Grace B. Duran, District Judge**

Children, Youth & Families Department
Mary McQueeney, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Jennifer L. Munson
Las Cruces, NM

Guardian Ad Litem

# MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Respondent Keely J. appeals from a district court order of abuse and neglect. We issued a calendar notice proposing to affirm. Respondent has filed an amended memorandum in opposition. We affirm.

**{2}** The sole issue listed by Respondent in the docketing statement challenged the sufficiency of the evidence to support the adjudication of abuse and neglect of her two children. [Unpaginated DS 8]

**{3}** The standard of proof in an abuse or neglect adjudication is clear and convincing evidence. NMSA 1978, § 32A-4-20(H) (2014); *State ex rel. Child., Youth & Fams. Dep't v. Shawna C.*, 2005-NMCA-066, ¶ 7, 137 N.M. 687, 114 P.3d 367. "For evidence to be clear and convincing, it must instantly tilt the scales in the affirmative when weighed against the evidence in opposition and the fact[-]finder's mind is left with an abiding conviction that the evidence is true." *In re Termination of Parental Rights of Eventyr J.*, 1995-NMA-087, ¶ 2, 120 N.M. 463, 902 P.2d 1066 (internal quotation marks and citation omitted). We employ a narrow standard of review and do not reweigh the evidence. *Shawna C.*, 2005-NMCA-066, ¶ 7. Rather, we review to determine whether, "viewing the evidence in the light most favorable to the prevailing party, the fact[-]finder could properly determine that the clear and convincing evidence standard was met." *Id.* (internal quotation marks and citation omitted).

**{4}** The district court determined that Children suffered physical abuse, emotional abuse or psychological abuse inflicted or caused by Respondent, as set forth in NMSA 1978, Section 32A-4-2(B)(2) (2018). [RP 102-03] The district court also determined that Children were without proper parental care and control or subsistence, education, medical or other care or control, as set forth in Section 32A-4-2(G)(2). [RP 103]

**{5}** In support of these determinations, the Children, Youth and Families Department (CYFD) called a number of witnesses, including two CYFD investigators and a therapist. [RP 42] Although Respondent's docketing statement did not provide us with a description of all material facts necessary to address this issue, our calendar notice presumed that these witnesses provided adequate support for the district court's determination. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the decisions of the trial court). Respondent's amended memorandum in opposition does not indicate that CYFD failed to provide this evidence. Instead, she claims that Children's testimony was unreliable because she suspects that they were manipulated by Father. [AMIO 9]

However, Children's veracity was a matter for the fact-finder to resolve. *See State ex rel. Child., Youth & Fams. Dep't v. Vanessa C.*, 2000-NMCA-025, ¶ 24, 128 N.M. 701, 997 P.2d 833.

**{6}** One of the witnesses was Marlen Ceniceros, an investigator whose affidavit supported the initial request of a custody order. [RP 5, 42] The affidavit contains descriptions of emotional and physical abuse of Children. [RP 6] Respondent's amended memorandum in opposition does not indicate that we erred in presuming that this evidence was presented at the hearing. In addition, Respondent's amended memorandum in opposition indicates that there was substantiated sexual abuse of Kaitlyn J. and that Kamden J. reported that Respondent hit him in the face. [AMIO 6] Again, we point out that Respondent has not denied that evidence of abuse and neglect were presented below; instead, she focuses on a challenge to the reliability of the testimony, which is a matter left to the fact-finder.

**{7}** Finally, Respondent continues to argue that the admission of out-of-court statements made by Children was error because they were hearsay and violated her due process rights. [MIO 9] *See State ex rel. Child., Youth & Fams. Dep't v. Pamela R.D.G.*, 2006-NMSC-019, ¶¶ 13-14, 139 N.M. 459, 134 P.3d 746 (discussing admission of out-of-court statements by a child in a CYFD proceeding where the alleged error was preserved, and requiring that to constitute reversible error there be a reasonable likelihood that the outcome might have been different). Respondent did not list this as a separate issue in her docketing statement. Nevertheless, because she alluded to the due process concern elsewhere in the docketing statement, we addressed it by observing that she did not indicate that she made an objection to the admission of this evidence. *See* Rule 12-321(A) NMRA ("To preserve an issue for review it must appear that a ruling or decision by the trial court was fairly invoked.").

**{8}** In her memorandum in opposition, Respondent concedes that she did not preserve the issue but contends that it amounted to plain error. [MIO 10] *See* Rule 12-321(B)(2)(b). "To find plain error, the [c]ourt must be convinced that admission of the testimony constituted an injustice that created grave doubts concerning the validity of the verdict." *State v. Montoya*, 2015-NMSC-010, ¶ 46, 345 P.3d 1056 (internal quotation marks and citation omitted). "[I]n determining whether there has been plain error, we must examine the alleged errors in the context of the testimony as a whole." *Id.* (omission, internal quotation marks, and citation omitted).

**{9}** Respondent has not indicated with any specificity how an in-court examination of Children would have enhanced the fact-finding process. *See Pamela R.D.G.*, 2006-NMSC-019, ¶ 15 (noting that the parents failed to specifically point out how confrontation has assisted the fact-finder). In addition, Respondent has not indicated how it would be error for the trial court to admit this testimony based on a consideration of the various circumstances affecting Children. *See id.* ¶ 18 (observing that courts should consider various factors in determining whether to admit the testimony). As such, we conclude that Respondent has not established plain error.

**{10}** For the reasons set forth above, we affirm.

**{11}  IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**SHAMMARA H. HENDERSON, Judge**