This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39778

**ALICE T. LORENZ, ESQ.,**

Plaintiff-Appellee,

v.

**CORBIN P. HILDEBRANDT, individually, and CORBIN P. HILDEBRANDT, P.C.,**

Defendants-Appellants,

and

**JAMES S. BROMBERG, J.D. M.D.,**

Defendant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
Joshua A. Allison, District Judge

Atler Law Firm, P.C.
Timothy J. Atler
Jazmine J. Johnston
Albuquerque, NM

for Appellee

Keefe Law LLC
M.J. Keefe
Albuquerque, NM

L. Helen Bennett, P.C.
L. Helen Bennett
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}** Appellants appeal from the district court's final judgment determining the amount of attorney fees reasonably owed to Plaintiff, pursuant to an oral contract between Appellants' joint venture and Plaintiff, awarding prejudgment interest to Plaintiff, and dismissing Appellants' conversion claim against Plaintiff. In this Court's notice of proposed disposition, we proposed to summarily affirm. Appellants filed a memorandum in opposition to summary affirmance, which we have duly considered. Remaining unpersuaded that Appellants have shown error on appeal, we affirm.

**{2}** With regard to Appellants' first issue, they assert that our notice of proposed disposition is erroneous because "a joint venturer cannot bind the joint venture where it has been made clear that the joint venturer's actual authority is limited or absent." [MIO 3] Appellants argue that this principle applies to the facts of the instant case because Plaintiff knew that Defendant "Bromberg had no authority to bind the joint venture to any contingency fee agreement and that [Appellant] Hildebrandt had specifically rejected the proposed contingency fee arrangement." [MIO 5] In support of this argument, Appellants refer this Court to electronic mail messages from the fall and winter of 2014, indicating that Plaintiff proposed a written contingency fee agreement to Defendant Bromberg, and was informed that it would require Appellant Hildebrandt's approval, which Plaintiff was unable to obtain. [MIO 4-5] This argument is unavailing.

**{3}** The district court did not find, nor did this Court propose to conclude, that Defendant Bromberg and Plaintiff entered into a *specific* contingency fee agreement, binding on the joint venture, to compensate Plaintiff's share of attorney fees for her work on the Pacemaker cases from which this dispute arises. Instead, the district court found:

> [T]the only agreement reached between [Appellant] Hildebrant and [Defendant] Bromberg, on the one hand, and [Plaintiff], on the other, was the original agreement that [Defendant] Bromberg reached with [Plaintiff] on [the] joint venture's behalf: to pay her for her work on and contributions to the Pacemaker cases . . . after each of those cases was resolved and the fees received, and based upon [Plaintiff]'s contributions to those efforts. In other words, [Appellant] Hildebrant and [Defendant] Bromberg, on the one hand, and [Plaintiff], on the other, agreed to a reasonable and equitable distribution of attorney[] fees received once they knew the total amount of fees received."

[30 RP 7438 ¶ 28] This agreement was an oral agreement entered into in late 2010 or early 2011 by Defendant Bromberg "as a joint venturer with [Appellant] Hildebrandt." [ADS 4-5]

**{4}** In our notice of proposed disposition, based on the facts that were presented by Appellants in their amended docketing statement and due to the lack of any specific appellate challenge to the evidentiary support for any of the district court's findings of fact related to this oral agreement, we stated that we understood Appellants to concede

on appeal the existence of this oral agreement with Plaintiff for her to join their joint venture in exchange for a reasonable share of their attorney fees received, in an amount to be determined once each case had been resolved. [CN 2-3] Appellants' memorandum in opposition has not indicated that this understanding was in error and we, therefore, conclude that such an agreement existed. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact"), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the trial court, and the party claiming error bears the burden of showing such error).

**{5}** After noting the apparent lack of dispute as to the existence of this agreement, our notice of proposed disposition then addressed whether Defendant Bromberg had the authority to bind the joint venture to the oral agreement. [CN 5-6] We suggested that the oral agreement was binding on Appellants because it did not appear that Appellant Hildebrandt "was unaware of Defendant Bromberg's [oral] agreement with Plaintiff," on behalf of the joint venture, and because Appellants had not challenged the district court's finding that Appellant "Hildebrandt agreed that Plaintiff was a part of, and would be paid as a member of, the joint venture." [CN 5-6] Appellants now seem to refer to this proposed conclusion to argue that "the proposed determination that [Appellant] Hildebrandt knew about [Plaintiff]'s involvement and that [Appellant] Hildebrandt acquiesced to or ratified the alleged contingency fee agreement between [Defendant] Bromberg and [Plaintiff] is simply not supported by substantial evidence." [MIO 4] This argument sidesteps our narrower proposed disposition, however, which suggested the oral agreement entered into in 2010 or 2011 for payment of reasonable attorney fees, to be determined at a later date, was binding and enforceable, and that the district court did not err in "determining the amount of 'reasonable' payment." [CN 4] Our proposed disposition did not address the written contingency fee agreement proposed by Plaintiff in 2014 or otherwise suggest that the joint venture entered into an agreement with Plaintiff to pay her by contingency. [CN 2-6]

**{6}** Further, the documentary evidence from 2013 and 2014 relied upon in Appellants memorandum in opposition highlights that there was a disagreement amongst the parties as to what payment, not whether any payment, to Plaintiff would be reasonable under the terms of the earlier oral agreement, but it does not indicate that Defendant Bromberg had limited authority in 2010 or 2011 to enter into the oral agreement itself with Plaintiff, nor, if he did, that Plaintiff was made aware of the same. [MIO 3-5] As such, the memorandum in opposition does not persuade us that our proposed conclusion that the oral agreement was binding on the joint venture and was enforceable despite the parties' failure to reduce the terms of the agreement into writing. [CN 4-6] *See Mondragon*, 1988-NMCA-027, ¶ 10; *Aragon*, 1999-NMCA-060, ¶ 10.

**{7}** In relation to Appellants' first issue, their memorandum in opposition has not otherwise asserted any fact, law, or argument that persuades us that our notice of

proposed disposition was erroneous. *See Mondragon*, 1988-NMCA-027, ¶ 10; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). And, regarding Appellants' second and third issues, Appellants continue to reassert the claims as raised in their amended docketing statement, without addressing the analysis contained within our notice of proposed disposition. [MIO 6-7] Thus, their memorandum in opposition is unavailing as to these issues. *See Mondragon*, 1988-NMCA-027, ¶ 10 (explaining that the repetition of earlier arguments does not satisfy an appellant's burden on the summary calendar); *Hennessy*, 1998-NMCA-036, ¶ 24.

**{8}**     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{9}     IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**SHAMMARA H. HENDERSON, Judge**