This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40411**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**SIMON JUAN DE DIOS LOPEZ,**

Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Jill M. Martinez, Metropolitan Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Ramon R. Romero
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Defendant appeals his conviction for aggravated driving while under the influence. This Court issued a notice of proposed disposition, proposing to affirm. Defendant filed a memorandum in opposition that we have duly considered. Unpersuaded, we affirm.

**{2}** Defendant maintains that the trial court erred in refusing to admit the record of his medical examination—and specifically the results of his blood alcohol test—conducted by the Metropolitan Detention Center (MDC) as either substantive or impeachment evidence. [MIO 4-8] Even if we were to agree that the exclusion of this evidence was in

error, such error would not be reversible error unless it was deemed to be sufficiently harmful. *See State v. Serna*, 2013-NMSC-033, ¶ 23, 305 P.3d 936 (explaining that evidentiary error that does not implicate confrontation rights is reviewed for nonconstitutional harmless error). "[Non]constitutional error is harmless when there is no reasonable *probability* the error affected the verdict." *State v. Tollardo*, 2012-NMSC-008, ¶ 36, 275 P.3d 110 (internal quotation marks and citation omitted). "[W]hen reviewing an error's role in the trial, courts may, depending upon the circumstances of the cases before them, examine the importance of the erroneously [excluded evidence], as well as whether the error was cumulative or instead introduced new facts." *Id.* ¶ 43 (alteration, internal quotation marks, and citation omitted).

**{3}** Here, Defendant contends that exclusion of this evidence was "extremely prejudicial" because it demonstrated (1) Defendant's testimony was truthful regarding the number of alcoholic beverages he had consumed; and (2) the remainder of his testimony was credible. [MIO 5] As we pointed out in our notice of proposed disposition, it appears Defendant was permitted to testify as to the results of the blood alcohol test taken at MDC. [CN 3] Thus, Defendant essentially argues in his memorandum in opposition that admission of the results would have bolstered his testimony. We do not believe that admission of this cumulative evidence is sufficient to establish that there is a reasonable *probability* that the verdict would have been different in this case. *See Tollardo*, 2012-NMSC-008, ¶ 36. Accordingly, Defendant has failed to demonstrate that the trial court committed reversible error. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that we presume correctness in the trial court's rulings and the burden is on the appellant to demonstrate trial court error).

**{4}** Finally, Defendant maintains that there was insufficient evidence to sustain his conviction. Defendant has not presented any new fact, law, or argument that persuades us we were incorrect in our proposed disposition. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{5}** For the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's conviction.

**{6}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**SHAMMARA H. HENDERSON, Judge**