This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40036

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**MICHAEL S. DIRICKSON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Steven Blankinship, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Meryl E. Francolini, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ATTREP, Chief Judge.**

**{1}** Defendant Michael Dirickson appeals his convictions, following a jury trial, for trafficking a controlled substance by possession with intent to distribute (NMSA 1978, § 30-31-20(A)(3) (2006)) and possession of drug paraphernalia (NMSA 1978, § 30-31-25.1(A) (2019, amended 2022)). Defendant contends the district court erred in the admission and exclusion of certain evidence at trial and asserts cumulative error. We affirm.

**DISCUSSION**

**{2}** The principal witness at Defendant's trial was a sheriff's deputy who recovered evidence, pursuant to a search warrant, from a truck that had been occupied by Defendant but registered to another individual. On appeal, Defendant argues: (1) the district court committed plain error by permitting the deputy to provide expert testimony in drug trafficking without being qualified to do so; (2) the district court erred by not permitting Defendant to ask the deputy about the truck owner's criminal history; and (3) if these purported errors do not separately warrant reversal, the cumulative effect of them does. For the reasons discussed below, we are not persuaded by Defendant's arguments.

**I.      The Admission of the Deputy's Testimony Did Not Constitute Plain Error**

**{3}** Defendant first argues that plain error occurred when the deputy provided expert testimony in drug trafficking without being qualified to do so. *See* Rule 11-702 NMRA ("A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact."); *see also State v. Rael-Gallegos*, 2013-NMCA-092, ¶ 25, 308 P.3d 1016 (holding it was not error to qualify a law enforcement officer, based on his background, experience, and knowledge, as an expert in differentiating between "possession amounts and trafficking amounts of crack cocaine"). As Defendant acknowledges, our review is for plain error since he failed to object to the deputy's testimony. *See State v. Muller*, 2022-NMCA-024, ¶ 42, 508 P.3d 960; *see also* Rule 11-103(E) NMRA ("A court may take notice of a plain error affecting a substantial right, even if the claim of error was not properly preserved.").

**{4}** "Under the plain error rule, there must be (1) error, that is (2) plain, and (3) that affects substantial rights." *State v. Gwynne*, 2018-NMCA-033, ¶ 27, 417 P.3d 1157 (internal quotation marks and citation omitted). Because the plain error rule "is an exception to the preservation requirement, we apply the rule sparingly and only when we have grave doubts about the validity of the verdict, due to an error that infects the fairness or integrity of the judicial proceeding." *Muller*, 2022-NMCA-024, ¶ 43 (internal quotation marks and citation omitted). The burden is on the defendant asserting plain error. *See id.*; *cf. State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that the district court's rulings are presumed to be correct and that the burden of demonstrating any claimed error in those rulings is on the appellant).

**{5}** Defendant argues that the deputy's testimony about "the amount [of narcotics] at issue and . . . typical trafficking behavior" was expert opinion testimony and that the admission of such testimony without the deputy being qualified as an expert amounted to plain error. There is no dispute that the challenged testimony constituted expert opinion testimony, which may be offered by a qualified expert. *See Rael-Gallegos*, 2013-NMCA-092, ¶ 30. The State argues, however, that no plain error occurred because the record contains sufficient foundational evidence establishing that the deputy was qualified to give the expert opinion testimony. Defendant responds by

contesting the deputy's qualifications.[1] Because Defendant does not persuade us that the deputy was unqualified to testify as he did, we conclude no plain error occurred. *See State v. Barraza*, 1990-NMCA-026, ¶ 18, 110 N.M. 45, 791 P.2d 799 (finding no plain error where, among other things, the witness had adequate expertise to offer the expert opinion testimony at issue).

**{6}** In this case, the deputy testified that he had previously been a patrol deputy for over two years and that during that time, he worked numerous drug cases; that he subsequently joined the narcotics task force and had been with the task force for approximately five years; that his duties on the task force consisted of investigating drug trafficking and possession; and that he had been trained on drug trafficking and investigations by the Drug Enforcement Agency and the Albuquerque Police Department.

**{7}** Defendant does not direct us to authority suggesting that an officer with experience similar to the deputy's would be unqualified to testify as he did. *See State v. Casares*, 2014-NMCA-024, ¶ 18, 318 P.3d 200 ("[A]bsent cited authority to support an argument, we assume no such authority exists."). Instead, Defendant complains that the deputy did not testify, for example, that he had relevant teaching experience or had ever before been qualified as an expert. Critically, Defendant cites no authority for his unstated presumption that such credentials are necessary prerequisites to qualification as an expert in drug trafficking. *See id.*; *see also State v. McDonald*, 1998-NMSC-034, ¶ 19, 126 N.M. 44, 966 P.2d 752 ("[N]o set criteria can be laid down to test an expert's qualifications." (alteration, internal quotation marks, and citation omitted)). Defendant further complains that the deputy "did not discuss his experience with any degree of particularity." But Defendant, having failed to lodge an objection at trial, is at least partly to blame for any such lack of detail in the testimony. *See State v. Martinez*, 2020-NMCA-043, ¶¶ 45, 47, 472 P.3d 1241 (providing that plain error review may prove "an extremely difficult task" due to the failure to raise the claimed error at trial and the resulting lack of development in the record). Regardless, on the record before us, we cannot say the deputy was clearly unqualified to testify as an expert in drug trafficking. *Cf. id.* ¶ 47 (providing, based on the limited record available on plain error review, that the Court could not say the expert's methodology was based on mere conjecture).[2]

---

[1]Defendant additionally surmises that the State chose not to tender the deputy as an expert, knowing him to be unqualified. In support, Defendant cites an off-the-record conversation in which defense counsel can be heard telling the prosecutor he might stipulate to the deputy being qualified as an expert, depending on the proffered area of expertise. Defendant, however, overlooks a different inference that can be drawn from the exchange—that his trial counsel was aware of the issue he now complains of on appeal, but made the strategic decision not to object. *See State v. Altgilbers*, 1989-NMCA-106, ¶ 60, 109 N.M. 453, 786 P.2d 680 (expressing reluctance to find fundamental error when to do so would permit sandbagging of an opposing party by failing to raise an objection until appeal).

[2]Defendant makes one additional argument in support of his plain error claim. Citing a federal case, Defendant briefly asserts that the deputy's "role as case agent also needed to be taken into account in determining and delineating the appropriate scope of his testimony." Beyond its lack of development, Defendant makes this argument for the first time in his reply brief. We therefore do not consider it. *See State v. Candelaria*, 2019-NMCA-032, ¶ 48, 446 P.3d 1205 (declining to address an undeveloped claim);

**{8}**     In sum, Defendant has failed to establish that the admission of the deputy's expert opinion testimony constituted plain error.

## II.     Whether the District Court Erred by Prohibiting Defendant From Asking About the Truck Owner's Criminal History Was Not Preserved

**{9}**     Defendant next argues that the district court erred by prohibiting his trial counsel from questioning the deputy about the truck owner's drug-related convictions. Defendant maintains that this evidence was relevant to his defense that the methamphetamine belonged to the truck owner. The State contends Defendant failed to preserve this issue and, even if it was preserved, the district court did not err. We agree with the State that Defendant failed to preserve this issue.

**{10}**     At a bench conference during the State's examination of the deputy, defense counsel made a "preemptive clarification," informing the district court judge that he intended to ask the deputy about the truck owner's drug-related convictions and to refer to the specific case numbers. The prosecutor objected, stating, "I'm not sure the criminal history of somebody who's not even testifying is relevant here." The following exchange then occurred between the district court judge and defense counsel:

| | |
|---|---|
| Court: | With respect to this other individual [the truck owner] and what if any criminal history that this person may or may not have who is not here to testify today, I'm reluctant because I think you might open up a can of worms. If he's a person who is of interest to law enforcement in connection with drug trafficking and conspiring with this individual, since he is in his vehicle with drugs and the like, I just don't know where you're gonna end up getting to. Do you know what he would answer to that? |
| Defense: | Well he does have three convictions . . . , one of which . . . you violated his probation and gave him an unsatisfactory discharge. |
| Court: | Well, I didn't violate anyone's probation. |
| Defense: | You know what I'm saying your honor. But you were the judge who ruled on that. . . . I can refrain from asking those questions, your honor. |
| Court: | Well if you get into that, I'm just saying you're gonna open the door to explaining his criminal history in a way that might involve your client. He's not here, so I guess at this juncture, based on what I've heard, I would disallow you from getting into this person's criminal history. . . . If he was a witness that was subpoenaed by the defense, maybe that door would get open, but he's not here before us today. |

---

*State v. Castillo-Sanchez*, 1999-NMCA-085, ¶ 20, 127 N.M. 540, 984 P.2d 787 ("We will not consider arguments raised for the first time in a reply brief.").

The prosecutor then suggested that if the questioning were permitted, it might open the door for the State to explore Defendant's convictions for possession of methamphetamine. Defense counsel then reiterated that he would limit his inquiry to questions related to who owned the truck.

**{11}** To preserve an issue for appeal, an objection must "specifically apprise[] the district court of the nature of the claimed error" so that "an intelligent ruling thereon" can be made. *State v. Quiñones*, 2011-NMCA-018, ¶ 23, 149 N.M. 294, 248 P.3d 336. In other words, "to preserve an argument for appeal, an objection must be made with sufficient specificity to alert the mind of the trial court to the claimed error." *State v. Urioste*, 2011-NMCA-121, ¶ 46, 267 P.3d 820 (alteration, internal quotation marks, and citation omitted).

**{12}** This case is similar to *Quiñones*. There, the defense attorney asked a witness about the defendant's history of violence, and the state objected on relevancy grounds. 2011-NMCA-018, ¶ 24. When asked by the district court how the question was relevant, defense counsel merely stated, "Propensity for violence." *Id.* The parties then approached the bench; defense counsel withdrew the question and the district court thereafter sustained the objection. *Id.* This Court held that the issue was not preserved because the defendant withdrew the question, did not make any argument that the question was proper under Rule 11-404(A)(1) NMRA, and "failed to provide the district court with a factual or legal basis on which to make an informed ruling." *Quiñones*, 2011-NMCA-018, ¶ 24; *see also id.* ("A party cannot rely on a withdrawn objection to preserve error." (internal quotation marks and citation omitted)).

**{13}** Here, after the State objected to Defendant's proposed line of questioning on grounds of relevancy, the district court judge told defense counsel he was reluctant to allow the questioning because of the potential prejudice to Defendant. The judge then asked counsel where the questioning would lead, thereby inviting counsel to provide a factual and legal basis for getting into the truck owner's criminal history. Without providing such a basis, counsel stated he could "refrain from asking those questions." Only then did the judge state that he would disallow the line of questioning "based on what [he had] heard." Stated simply, Defendant never claimed to the district court, as he does on appeal, that the answers to the questions were "highly probative of a disputed issue at trial," or that the line of questioning implicated his fundamental right to present a defense. As a result, Defendant failed to preserve this claim of error. *See id.*

**{14}** Defendant, anticipating we might conclude this issue was unpreserved, asserts that we "may nonetheless review the matter for plain error." Defendant's briefing, however, lacks any developed argument as to how, among other things, the purported error was plain or infected the fairness or integrity of the judicial proceeding. *See Muller*, 2022-NMCA-024, ¶ 43. Accordingly, we reject Defendant's invitation to review for plain error. *See State v. Aguilar*, 2019-NMSC-017, ¶ 55, 451 P.3d 550 (declining to address an argument not developed in briefing); *cf. State v. Gutierrez*, 2003-NMCA-077, ¶ 9, 133 N.M. 797, 70 P.3d 787 (stating that courts normally do not review for fundamental or plain error when not requested by the appellant).

### III.  Cumulative Error Did Not Occur

**{15}**  Finally, Defendant briefly asserts that the combined effect of the claimed errors warrants reversal, invoking the doctrine of cumulative error. Under that doctrine, a conviction must be reversed "when the cumulative impact of errors which occurred at trial was so prejudicial that the defendant was deprived of a fair trial." *State v. Miera*, 2018-NMCA-020, ¶ 45, 413 P.3d 491 (internal quotation marks and citation omitted). "The doctrine is strictly applied, however, and cannot be invoked when the record as a whole demonstrates that the defendant received a fair trial." *Id.* (internal quotation marks and citation omitted). Based on our review of the record, and having found no plain error occurred, we are not persuaded that Defendant was deprived of a fair trial. *See id.*; *see also Aragon*, 1999-NMCA-060, ¶ 19 (finding no cumulative error where there is no error in the actions and decisions of the trial court).

### CONCLUSION

**{16}**  For the foregoing reasons, we affirm.

**{17}  IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**