This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41118**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JOHN ROBERT FISHER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Defendant appeals from his convictions for aggravated battery against a household member and battery against a household member. In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In his memorandum in opposition, Defendant raises the same challenges to the sufficiency of the evidence that we addressed in our notice of proposed disposition.

[MIO 2-3] In particular, Defendant continues to assert that he presented evidence that he acted in self-defense. [MIO 2] As we pointed out in our proposed disposition, however, evidence supporting acquittal does not provide a basis for reversal because the fact-finder is free to reject a defendant's version of the facts. [CN 4-5] Moreover, the jury could have found that Defendant's actions were excessive and unreasonable under the circumstances. [CN 5] *See* UJI 14-5171 NMRA (providing that self-defense requires a finding that a "reasonable person in the same circumstances as the defendant would have acted as the defendant did").

In reasserting the same arguments already addressed, Defendant has failed to assert any facts, law, or argument that persuade this Court that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore conclude that Defendant has failed to carry his burden to demonstrate reversible error. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that we presume correctness in the district court's rulings and the burden is on the appellant to demonstrate district court error).

{3}     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

{4}     **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**KATHERINE A. WRAY, Judge**