This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41275**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**KEVIN SANCHEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Meryl E. Francolini, Assistant Solicitor General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** This matter was submitted to this Court on Defendant's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, this Court assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief and answer brief, we affirm for the following reasons.

**{2}**     Defendant appeals the revocation of his probation, contending that he was denied "even a minimum of due process . . . when [the district court] relied solely on hearsay evidence as substantive proof that [Defendant] violated [s]tate laws." [BIC 10] Defendant specifies that the "heart of the argument is that [Defendant's] right of confrontation under the Due Process Clause of the Fourteenth Amendment was violated by the introduction of hearsay and only hearsay to support a probation violation for the commission of a new crime." [BIC 12]

**{3}**     The district court found that Defendant violated his probation based on his arrest for criminal damage to property. [BIC 1] The State presented two witnesses at the revocation hearing, Defendant's girlfriend (Victim) and the responding officer who spoke with Victim at the time of the incident. [BIC 2] Victim initially refused to testify, invoking her Fifth Amendment right to avoid self-incrimination. [BIC 2] The State requested, and Victim was granted, use immunity for her testimony and was ordered by the district court to answer the State's questions. [BIC 2] Victim initially answered questions about the nature of her relationship with Defendant, but subsequently refused to answer any questions related to the incident, stating multiple times that she did not recall the pertinent events. [BIC 3] Defendant was then provided the opportunity to cross-examine Victim, but declined to do so. [BIC 4]

**{4}**     The State then offered the testimony of Officer Lynch as the responding officer. [BIC 4] Defendant objected to the majority of his testimony because it was based on hearsay statements relayed to him by Victim at the time of the incident. [BIC 4] The district court overruled the objection, concluding that Victim had been an unavailable witness based on her refusal to answer questions. [BIC 4] Officer Lynch testified that he responded to the scene of the incident, where he encountered Victim in a very emotional state. [BIC 4-5] Officer Lynch further testified that Victim and Defendant were involved in an argument because Victim has asked Defendant to move out of their residence. [BIC 5] Victim then told Officer Lynch that she called her mother to come and pick her up, and this caused Defendant to take a table knife and chef's knife outside and slash the tires on both Victim's vehicle and her mother's vehicle. [BIC 5] Officer Lynch spent some time searching for Defendant and was unable to locate him, but he did take photographs of the tires on both vehicles, and testified that the slash marks he observed were consistent with the statements made to him by Victim. [BIC 5] In addition to this testimony, the State proffered the affidavit supporting Defendant's arrest warrant along with the warrant itself into evidence. [BIC 6] Despite Defendant's repeated references to the hearsay testimony, he does not appear to be challenging the testimony from an evidentiary perspective. *See* Rule 11-1101(D)(3)(d) NMRA (stating that the rules of evidence do not apply in probation revocation proceedings). Instead, Defendant argues that his confrontation rights were violated because Victim was "unavailable" for cross-examination, despite her presence at that hearing. [BIC 12]

**{5}**     "Because loss of probation is loss of only conditional liberty, the full panoply of rights due a defendant in a criminal trial do not apply." *State v. Guthrie*, 2011-NMSC-014, ¶ 10, 150 N.M. 84, 257 P.3d 904 (alterations, internal quotation marks, and citation omitted). "The right protected in probation revocation[ cases] is not the [S]ixth

[A]mendment right to confrontation, guaranteed every accused in a criminal trial, but rather the more generally worded right to due process of law secured by the [F]ourteenth [A]mendment." *Id.* ¶ 12. Among the components of due process is the right to confront and cross-examine adverse witnesses, unless there is good cause for not allowing confrontation within the meaning of the Fourteenth Amendment. *See id.* Whether Defendant was afforded due process is subject to de novo review. *See id.* ¶ 22.

{6}     However, in the cases relied upon by Defendant, the state did not produce the witness at all. *Id.* ¶¶ 40-41; *State v. Castillo*, 2012-NMCA-116, ¶ 2, 290 P.3d 727 (applying *Guthrie* and concluding "that [the d]efendant's Fourteenth Amendment right to due process was violated by the district court's allowance of testimony regarding [the d]efendant's polygraph results by someone other than the person who actually administered and interpreted the polygraph test" in the probation revocation hearing). For example, in *Guthrie*, and the cases discussed therein, "probation officers who had not personally supervised the probationers presented the only live testimony in support of revocation." *Guthrie*, 2011-NMSC-014, ¶ 17. In contrast, here, the State (1) produced Victim as a witness, (2)Defendant had the opportunity to coss-examine the Victim, and (3) Defendant declined to cross-examine Victim.Defendant has not cited any authority extending the holdings of the cases on which he relies to the facts of his case, and Defendant has not developed any argument to support such an extension of the law. Absent such authority and absent any argument by Defendant for an extension of existing law, we decline to extend the law to the facts here. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists."); *State v. Coble*, 2023-NMCA-079, ¶ 20, 536 P.3d 519, 526, cert. denied, *State v. Coble*, 2023-NMCERT-010, ¶ 20, 547 P.3d 102 (declining to extend the logic of a precedent to reach the facts in part because no argument was made by the defense). Based on the arguments presented by Defendant, we cannot conclude that the district court erred. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the trial court, and the party claiming error bears the burden of showing such error).

{7}     For the foregoing reasons, we affirm the revocation of Defendant's probation.

{8}     **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**SHAMMARA H. HENDERSON, Judge**